(No. 19685.—

Anton M. Butchas, Plaintiff in Error, *vs.* The Metropolitan State Bank, Defendant in Error.

*Opinion filed December 20, 1929—Rehearing denied Feb. 8, 1930.*

Pines, Morse & Stein, and John B. Borden, (Clarence T. Morse, of counsel,) for plaintiff in error.

Frank A. Ramsey, (Ernest Saunders, of counsel,) for defendant in error.

Mr. Justice Dunn delivered the opinion of the court:

This case was a proceeding in garnishment in the municipal court of Chicago in which the garnishee was discharged and the garnishing creditor appealed to the Appellate Court, where the judgment against him was affirmed. A writ of *certiorari* was issued on the petition of the appellant to bring up the record for review.

The plaintiff in error, Anton M. Butchas, recovered a judgment for $1821 in the municipal court of Chicago on April 18, 1928, against Frank L. Savickas, and caused a garnishee summons to be issued and served upon the Metropolitan State Bank, requiring it to answer in regard to property belonging to Savickas in its possession. Interrogatories to be answered by the defendant as garnishee were also filed, consisting of five printed interrogatories in the usual form in such cases concerning any property of the judgment debtor held by the garnishee. The questions in the printed form were complete and sufficient except that a blank was left in each question for the name of the judgment debtor whose property was inquired about, and the plaintiff in error failed to fill these blanks. The summons, together with a copy of the interrogatories, was served on the defendant on April 19, and the appearance of the defendant was entered by its attorney on April 27. The case was of the first class, and rule 4 of the municipal court provides that every Tuesday the judge assigned to that duty shall call the cases of the first class in which service, either by publication or summons, has been made in due time for default, and that when the cases are called defaults may be taken and judgments entered where parties are entitled thereto. Rule 34, with reference to motions, provided that notice of all motions, together with all copies of papers in support thereof, must be served on the opposite party or his attorney of record, and that such notice must be in writing, stating the motion, time and place of hearing and designating the judge before whom the motion is to be made. Where a party is in default for want of appearance no notice is required except upon order of the court. The cause was listed to be called for the first time on Tuesday, May 8, and on that day an order was entered sustaining the garnishee's motion to be discharged. On May 24 the plaintiff made a motion to vacate this order of May 8, but the court overruled the motion. On June 6, as appears by

the bill of exceptions, the plaintiff in error filed a motion in writing to set aside the order entered on May 24 overruling the plaintiff's motion to set aside the order of May 8 dismissing the garnishment proceeding and to enter an order setting aside the order of dismissal entered on May 8, to allow the plaintiff to file amended interrogatories instanter, to enter a rule on the garnishee to answer such interrogatories, and to set the garnishment proceeding for trial on a day to be thereafter fixed. On the hearing of this motion on June 11 affidavits were filed by the respective parties, from which it appears that on May 8, a few minutes before the opening of court, a clerk from the office of the attorneys for the plaintiff went to the court room of the judge on whose call the case was listed, and, examining files in the case, found that the garnishee had filed an appearance but no answer. He arranged with the clerk to have the judge enter an order giving the garnishee ten days' time to answer and setting the case for June 12, 1928. The minute clerk made a notation accordingly opposite the case in the list of cases to be called in his book, and the attorney's clerk went to other courts where he had other cases to attend to and was not present at the call. When the case was called the minute clerk said, "Appearance of garnishee and ten days." The attorney of the garnishee, who was present, stated that he was about to make a motion, as he thought a garnishee was required to make whatever defense he might have so that the court might pass upon it in order to avoid becoming liable to the judgment debtor for failure to properly defend. He then stated: "These interrogatories are not properly filled out, and therefore the jurisdiction of the court is questioned because of failure to comply with rules; and furthermore, the summons served upon the garnishee does not bear the endorsement required by the rules of this court, giving the address and the occupation of the judgment debtor and the amount and date of the judgment." The interrogatories

and summons served upon the garnishee were then handed to the trial judge, who said: "If the plaintiff is not here to answer the trial call I cannot do anything but discharge the garnishee. Upon this showing the garnishee is discharged. These interrogatories are not sufficient." This order was not discovered by the attorneys for the plaintiff until May 22, 1928, and on the next day notice was served on the garnishee's attorney of a motion to vacate the order, and on May 24 the motion was presented to the judge of the municipal court who had entered the order. An attorney appeared in opposition to the motion, and stated that after the order of dismissal had been entered on May 8 the judgment debtor had paid the garnishee the amount of his indebtedness and had received from the bank all the collateral held by it for the loan, and thereupon the court stated that as long as the proceeding had been dismissed and the judgment debtor had received from the garnishee all property of his held by it at the time of the service of the writ the court would not entertain the motion, and an order was entered overruling it.

The plaintiff in error contends that under rule 34 of the municipal court he was entitled to notice of the motion of May 8 for the discharge of the garnishee, while the defendant in error contends that rule 34 did not apply but rule 4 did; that the cause was properly on the default call for that day, and the court was empowered under rule 4 to enter judgments on the call where a party should be entitled to judgment. The defendant in error also contends that the filing of proper interrogatories in a garnishee proceeding is jurisdictional, and the court did not acquire jurisdiction of the subject matter in so far as the defendant in error was concerned.

The errors assigned in the Appellate Court were eight in number, which, expressed in varying language, finally resolved themselves into two: That the court erred in entering the order of May 8 discharging the garnishee, and

in denying the appellant's motion to set aside that order and grant leave to the appellant to file amended interrogatories. The assignments of error on the Appellate Court record raise the same questions.

It is elementary that at common law a motion is no part of the record except as it is made so by being included in a bill of exceptions. It has been decided in many cases that in order to enable the Supreme Court to pass upon motions made in a cause they must be preserved in a bill of exceptions certified to by the trial court. (*St. Louis and O'Fallon Railway Co.* v. *Union Trust and Savings Bank,* 209 Ill. 457; *Chicago and Eastern Illinois Railroad Co.* v. *Goyette,* 133 id. 21; *McElwee* v. *People,* 77 id. 493; *Bedee* v. *People,* 73 id. 320; *People* v. *Weston,* 236 id. 104.) In no other way can they be brought before a reviewing court. (*Heacock* v. *Hosmer,* 109 Ill. 245; *Vanlandingham* v. *Fellows,* 1 Scam. 233.) Every presumption will be indulged to sustain the action of the court. Its action is to be presumed to be regular until it is made to appear otherwise. (*Mackin* v. *People,* 115 Ill. 312; *Hereford* v. *People,* 197 id. 222.) If notice of the motion to discharge the garnishee was necessary it will be presumed that notice was given and was proved to the court. *Hereford* v. *People, supra; Pierce* v. *Carleton,* 12 Ill. 358; *Spellman* v. *Mathewson,* 65 id. 306.

All the record shows, so far as the motion of May 8 is concerned, is that the garnishee was discharged. What the motion was, whether notice of it was given, what reason was assigned for the discharge, what evidence was heard and whether any evidence was heard, are questions upon which the record is silent. So of the motion of May 24, the action of the court is stated, but the motion itself has not been preserved or any reason on which the motion is based, or any evidence heard by the court, or the fact as to whether evidence was heard or not. In the absence of a bill of exceptions no error has been made to appear in either the order of May 8 or the order of May 24.

The bill of exceptions contains affidavits which were presented to the court on the hearing upon the motion of June 6, but those affidavits can have no effect upon the two previous orders. The proceedings upon the hearings in regard to those orders can be shown only by a bill of exceptions certified by the judge presiding at the hearing, and cannot be proved by the affidavits or oral testimony of witnesses.

No errors of law appear on the face of the record for which the orders of the municipal court should be reversed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*