(No. 21372.—

THOMAS BARTUNEK, Appellee, *vs.* LOUIS J. LASTOVKEN *et al.* Appellants.

*Opinion filed October 22, 1932—Rehearing denied Dec. 9, 1932.*

JOHN O. HRUBY, and MORRIS J. DREZNER, for appellants.

HARRY A. KERINS, and JOHN A. COOKE, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This is an appeal from a judgment of the superior court of Cook county quashing the record of appellants, as members of the fire and police commission of the city of Berwyn, in a proceeding before them in which they entered an order that appellee, Thomas Bartunek, a sergeant of the police force of said city, be "reduced to the ranks and indefinitely suspended from the service."

The record of the proceedings before appellants which resulted in the order suspending appellee from the service as a police officer of said city was brought before the court by a writ of *certiorari* issued on the petition of appellee. The record filed as a return to the writ does not appear in the transcript of the record filed in this court, and the sole contention of appellants is that the superior court had no jurisdiction to review the proceedings before them by writ

of *certiorari,* and that the assumption of jurisdiction by the court was a violation of article 3 of the constitution, which provides that the powers of government are divided into three separate and distinct departments—the legislative, executive and judicial—and that no person or collection of persons being one of these departments shall exercise any power properly belonging to either of the others.

It is established by many decisions of this court that the circuit courts and the superior court of Cook county have jurisdiction to issue the common law writ of *certiorari* to any inferior tribunal exercising judicial or quasi-judicial powers to determine whether or not such tribunal, in any particular case before it, had jurisdiction and proceeded legally, when no appeal is allowed or other mode provided by law for reviewing the proceedings of such tribunal. (*Commissioners of Drainage District* v. *Griffin,* 134 Ill. 330; *Kinsloe* v. *Pogue,* 213 id. 302; *Powell* v. *Bullis,* 221 id. 379; *Carroll* v. *Houston,* 341 id. 531; *Hopkins* v. *Ames,* 344 id. 527.) The jurisdiction to issue such writ is not limited to cases in which property rights are involved but may be exercised in cases in which only personal rights are involved. (*Powell* v. *Bullis, supra.*) The jurisdiction in such cases is limited, however, to a determination of whether the inferior tribunal had jurisdiction and proceeded according to law. *Carroll* v. *Houston, supra; Hopkins* v. *Ames, supra.*

Appellants, to sustain their contention, rely upon the case of *City of Aurora* v. *Schoeberlein,* 230 Ill. 496, in which this court held that section 18 of the Fire and Police Commissioners act was unconstitutional. Said section purported to allow an appeal to the circuit court from any order entered by a board of fire and police commissioners, and it was held void because it attempted to confer executive power on the circuit courts. This court held in that case that the section in question purported to authorize an appeal from any order of the board by any person interested or affected;

that if it should be sustained it would result in the circuit courts assuming and exercising executive power, and that they would practically control the appointment and removal of members of fire departments in the cities of this State to which the act applies, by passing their judgment and discretion as to the fitness and qualifications of individuals for positions in such departments, which would be the exercise of executive powers. It was further held in that case that the fact that courts have jurisdiction to issue the common law writ of *certiorari* to determine whether inferior bodies have acquired jurisdiction to act and have proceeded according to law could. have no influence upon the question there involved, and that the courts do not, by virtue of that writ, review the decisions of inferior bodies to determine the facts. That case does not sustain the contention of appellants, because the opinion expressly recognized that a court might by the common law writ of *certiorari* determine whether a board of fire and police commissioners had jurisdiction and proceede1 according to law in a particular case without exercising executive powers.

A board of fire and police commissioners in conducting a hearing on charges preferred against a member of the fire or police department of a city and in making its decision and order in the case exercises executive powers. No mode of reviewing the proceedings of such board is provided by statute, and circuit courts and the superior court of Cook county have jurisdiction to issue the common law writ of *certiorari* for the purpose of determining whether or not such board in any such case had jurisdiction and proceeded according to law, and in exercising such jurisdiction such courts do not exercise executive power. Since the record of the proceedings before the superior court is not made a part of the transcript of the record filed in this court we have no means of determining whether or not the superior court erred in quashing the record of the proceedings before appellants. The superior court of Cook county

is a court of general jurisdiction. A court of general jurisdiction, acting within the scope of its authority, is presumed to have jurisdiction to render any judgment or decree entered by it until the contrary appears. (*Cassell* v. *Joseph*, 184 Ill. 378.) The action and judgment of the superior court are presumed to be regular and correct until it is made to appear otherwise. *Butchas* v. *Metropolitan State Bank*, 337 Ill. 612.

The judgment of the superior court is affirmed.

*Judgment affirmed.*