In the Matter of the Estate of Albert A. Lynn, Deceased. John D. Lyle and Glenn I. Coffey, Executors of the Will of Albert A. Lynn, Deceased, Petitioners-Appellants, v. W. Clell Hill, Respondent-Appellee.

Gen. No. 68–82.

Fifth District.

June 2, 1969.

Conn & Clendenin, of Sparta, and William A. Schuwerk, of Chester, for appellants.

Paul H. Nehrt, of Red Bud, and Dreman and Sterling, of Belleville, for appellee.

MORAN, J.

The executors of the estate of Albert A. Lynn, deceased, appeal from a judgment entered on March 22, 1968, by the Circuit Court of Randolph County in favor of the defendant, W. Clell Hill.

This action was brought by the executors against Hill, as a Petition for the Issuance of a Citation Against a Surviving Partner. Following the issuance of a citation, Hill filed an answer denying that he was a surviving partner and claiming that he had purchased the partnership business from the deceased prior to his death. Two days later, Hill filed a petition styled "Petition for an Order Directing Executors to Execute a Deed to W. Clell Hill" for certain real estate allegedly purchased by him as part of the partnership business. However, the petition only asked the court to direct the executors to file a petition for authority to execute a deed to him for the said real estate. The executors filed a reply denying the dissolution of the partnership and the purchase of the real estate in question by Hill. The trial court, sitting without a jury, found the issues to be in favor of Hill on both the Petition for Citation and the Petition for a Deed;

found that the partnership had been terminated and that the deceased had sold his interest therein to Hill; and that there was a balance due the estate of $630.10 from Hill.

Hill's petition alleged:

"Your petitioner, W. Clell Hill, respectfully states:

"1. On or about the 15th day of October, 1957, the Decedent entered into an oral agreement with your petitioner whereby he agreed to sell to your petitioner his interest in the following described real estate, to wit:

"'That part of Lot 102 Armour's Survey to the City of Sparta, as described in a certain deed recorded in Book 173, on Page 257, Book 168 on Pages 350 and 352 of the Recorder's Office of Randolph County, Illinois; and

"'Lots 8, 9, and 10, in Block 2, in W. E. Borders' First Addition to the Village of Tilden: Both situated in Randolph County, Illinois.'

"along with the Decedent's interest in all other assets in the partnership known as Lynn Funeral Home, for the approximate sum of $44,000.00.

"2. At the time of the death of the Decedent, there remained unpaid to him on account of the said agreement, the sum of approximately $1,630.10. By the terms of the Will of the within Deceased, petitioner and his wife were bequeathed the sum of $1,000.00. Your petitioner is ready, willing and able to pay the balance, $630.10, and has in all other respects complied with the said agreement between petitioner and Deceased.

"3. Wherefore, your petitioner prays that an Order be entered by this Court directing John D. Lyle and Glenn I. Coffey, as Executors of the Will of Albert A. Lynn, Deceased, to file a Petition in this

181

Court, praying for authority to execute a deed to your petitioner, conveying to him the interests in the real estate hereinabove described.

/s/ W. Clell Hill,
W. Clell Hill."

After the hearing, the Circuit Court did not enter an order pursuant to the prayer of Hill's petition, but instead entered a judgment in Hill's favor directing the executors of the last will and testament of the decedent to execute a deed in Hill's favor on his paying the balance due on the oral contract.

The record discloses that the trial court lacked jurisdiction to enter the foregoing order and in such a situation we will take notice of it, although the parties have not raised the question. Kudla v. Industrial Commission, 336 Ill 279, 168 NE 298. For this reason we will not consider other questions raised by the respective parties.

In a proceeding in probate to compel an administrator or executor to execute a deed, the Circuit Court exercises its jurisdiction pursuant to the following sections of chapter 3, Ill Rev Stats (1967):

"Sec. 218. Contracts of Decedent.) Upon the direction of the court in which his estate is administered contracts made by a decedent may be performed by the executor of his will or the administrator of his estate.

•   •   •   •   •   •

"Section 252. Completion of Decedent's Contract to Convey Real Estate.) When a decedent has contracted to convey real estate or interest therein and dies before all of the conditions of the contract are complied with the executor or administrator may file a petition in the court which issued his letters praying that he be allowed to execute an instrument of

182

conveyance to the purchaser conveying to him the real estate or interest therein that the decedent agreed to convey by the contract. If an executor or an administrator fails to file the petition as provided herein upon application of any interested person and proper showing the court may enter an order directing the executor or administrator to file it.

"This section shall not apply to the sale or conveyance of real estate or interest therein made by an executor under a power given in a will to sell or convey such realty or interest therein.

"Section 253. Contents of Petition to Execute Deed.) The petition shall be verified and shall state the facts and circumstances upon which it is founded and the names and post office addresses of the purchaser and all the heirs, devisees and legatees of the decedent.

"Section 254. Application for hearing—Notice.) On application the court shall set the petition for hearing upon some day not less than 30 days thereafter, unless all persons entitled to notice of hearing are of legal age and under no disability and file waiver of notice in writing, and then the court may hear the petition immediately. Not less than 20 days prior to the date of the hearing on the petition the clerk of the court shall mail a notice of the time and place of the hearing to each of the parties whose names and post office addresses are stated in the petition, and who have not waived notice."

The heirs, legatees and devisees of the decedent were never made parties to the proceedings to sell the real estate as required by section 253.

■ Where a statute positively requires the petition to name and describe the heirs, an omission to comply with this requirement is jurisdictional and renders the decree void. 34 CJS 562, at page 516. The necessity of

183

making the heirs parties to such a proceeding was expressed in Eaton v. Bryan, 18 Ill 525, at page 527:

"One of these conditions is, as we have seen, that the heirs shall be made parties to the proceeding, which is to authorize another to convey away from them the title to their land. But independent of this reference to other provisions of the statute, we should not hesitate to hold, under the general provision of chancery law, that the heirs should be made parties. They are directly interested, and, by the general rules of equity, must be made parties, that they may protect that interest, else they should not be bound by the decree. The executor has no interest in the land directly or incidentally, except so far as creditors may be concerned."

In People v. Nunes, 58 Ill App2d 55, at 60, 207 NE2d 143, we stated that where a court is exercising a special statutory jurisdiction, it must proceed in strict conformity with the statute and its authority is limited to those special cases designated by statute:

"A court of general jurisdiction is presumed to have jurisdiction to render any judgment entered by it. Bartunek v. Lastovken, 350 Ill 380, 183 NE 333. Every reasonable presumption will be indulged in favor of its jurisdiction. Matthews v. Hoff, 113 Ill 90. (See discussion and cases, 14 ILP 173.) However, no such presumption prevails in connection with special statutory jurisdiction. In such cases jurisdiction is never presumed, and whatever the jurisdiction of the court, the proceedings must be in strict conformity with the statute. Brown v. Van Keuren, 340 Ill 118, 172 NE 1. As said in Chicago v. Hitt, 334 Ill 619, at page 628, 166 NE 517, 'A court of general jurisdiction may have a special statutory jurisdiction conferred upon it not exercised according to the

184

course of common law and which does not belong to it as a court of general jurisdiction. Nothing is taken by intendment in favor of the jurisdiction of a court of limited jurisdiction, or of a court of general jurisdiction while exercising special or limited powers. In the latter case the record must show the facts which authorize the court to act, and a judgment rendered without jurisdiction may be treated as void everywhere.' "

The failure of the trial court to proceed in conformity with the statute deprived it of jurisdiction and thus rendered its judgment void.

For the foregoing reasons, the judgment of the Circuit Court of Randolph County is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

EBERSPACHER and GOLDENHERSH, JJ., concur.