(No. 22717.—

THE RED STAR LABORATORIES COMPANY, Appellee, *vs.* ED-
MUND FRIEDOLIN PABST, Appellant.

*Opinion filed February 21, 1935.*

LANGWORTHY, STEVENS & McKEAG, for appellant.

JOSIAH McROBERTS, and PACKARD, BARNES, McCAUGHEY & SCHUMACHER, for appellee.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

Edmund Friedolin Pabst was adjudged guilty of contempt and sentenced to jail by the circuit court of Cook county for refusal to obey an order of that court relative to the production of certain documents in the above entitled cause. He has prosecuted an appeal to this court.

The Red Star Laboratories Company, appellee, filed a bill of complaint in the circuit court against appellant, doing business as Pabst Chemical Company. The bill, as later amended, alleged that since the year 1921 appellee was engaged in the preparation of and sale to retail druggists for re-sale, a medicine known as "Double O Medicine," and charged defendant with infringement of appellee's trade-mark, unfair competition, imitation of appellee's corporate name, the name of its medicine, its cartons and labels, and numerous other specific acts, in an illegal scheme to injure complainant's business. The prayer was for injunctive relief, an accounting and damages. Appellant's amended answer alleged that complainant had come into court with unclean hands because of unfair competition, and was guilty of *laches*. It denied injuring complainant in any manner and any liability to account for or pay any profits or damages because of any act of defendant. Exceptions were filed to the amended answer. While they were pending complainant filed a petition alleging that defendant had refused to produce for inspection certain of the documents described in the previous order of the court. A rule was entered requiring the defendant to show cause why he should not be punished for contempt for failure to produce them. By agreement of counsel the matter of

the rule to show cause was taken under advisement by the court and continued until the disposition of the exceptions. Thereafter substantially all of the exceptions were sustained, striking out all issues as to unclean hands, *laches* and justification.

Upon the hearing on the rule to show cause defendant submitted samples of his salesmen's reports. He claimed there were over 300,000 salesmen's reports on 8000 retail druggists, filling 150 filing cases, and that confidential matters not pertinent to any issue in the cause were commingled among them. The court found that the defendant was entitled to have the non-pertinent parts of the records and papers sealed up when they are produced for examination, and appointed Robert Kinnare, a reputable attorney and counselor at law, to examine the documents and seal up the portions not pertinent to the issues. The order provided that defendant pay in the first instance the costs and expenses of sealing up the documents, including the compensation of said attorney, and that they be taxed as costs in the cause. The defendant refused to comply with the order, and the aforesaid judgment for contempt was entered.

The order complained of was entered prior to the enactment of the Civil Practice act and was predicated on section 9 of the Evidence act, (Smith's Stat. 1933, chap. 51, par. 9,) which provides that "the several courts shall have power, in any action pending before them, * * * to require the parties, or either of them, to produce books or writings in their possession or power which contain evidence pertinent to the issue." We have uniformly held that before an order can be entered under this section there must be good and sufficient cause shown upon reasonable notice and that the evidence sought to be obtained is pertinent to the issues in the case. The order in this case was general and not limited to the production of documents relevant and pertinent to the issues. It was violative of the constitutional rights of appellant to be secure against

unreasonable search and seizure of his papers and effects, as guaranteed him by the fourth amendment to the Federal constitution and section 6 of article 2 of the State constitution. We said in *Carden* v. *Ensminger,* 329 Ill. 612, that if an order is entered compelling a party to produce papers which are not relevant to the issues he may refuse to obey it, and in a prosecution for contempt he may show in defense that the court had no authority to make the order, and that a constitutional question is thereby raised which authorizes an appeal to this court.

The circuit court has an undoubted right, under section 9 of the Evidence act, to require the production of pertinent documents upon the terms and conditions mentioned in that section, but nowhere can authority be found for an order requiring an adverse party to pay, in the first instance, the compensation of an attorney for services rendered in the examination of documents to determine what is relevant and what is not. These services were to be performed at the request and for the benefit of the complainant. We do not say that the reasonable and necessary expenses of services of such character may not be properly taxed as costs, but no justification appears for compelling the defendant in this case to advance such costs. It is not authorized by statute. The fixing of fees and costs is entirely controlled by law and costs are only recoverable when awarded by statute, and where the General Assembly has not authorized a recovery there cannot be any judgment of the successful party for his costs. *Kennedy* v. *Public Utilities Com.* 286 Ill. 490; *Illman* v. *Kruse,* 301 id. 408.

The circuit court was wholly without power to require the production of the desired documents in the manner provided by its order. The defendant was justified in refusing to comply with it, hence he could not be lawfully adjudged in contempt. The order of the circuit court is therefore reversed.

*Order reversed.*