(No. 38473—

ROGER L. MONIER, Appellee, *v.* VERNON CHAMBERLAIN—
(EUGENE H. RENNICK, JR., *et al.,* Appellants.)

*Opinion filed Sept. 29, 1964.—Rehearing denied Nov. 23, 1964.*

DAVIS, MORGAN & WITHERELL, of Peoria, for appellants.

O. B. PACE, JR., and PETER J. PAOLUCCI, both of Lacon, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is a direct appeal from an order of the circuit court of Marshall County adjudging the respondents, Country Mutual Insurance Company and Eugene H. Ren-

nick, Jr., its attorney, in contempt of court and imposing a fine upon each of them, for failure to comply with an order directing them to produce certain documents for inspection and copying. The order was entered in an action brought by Roger L. Monier to recover damages for personal injuries alleged to have been suffered when he was struck by an automobile driven by the defendant, Vernon Chamberlain.

The appeal has been taken directly to this court on the ground that the order violates the state and federal constitutional guaranties against unreasonable searches and seizures, and the due process clauses of the state and federal constitutions. In our opinion, however, the case does not present a substantial or debatable constitutional issue, and it must therefore be transferred to the appellate court.

To sustain our jurisdiction the respondents rely upon several cases in which this court has reviewed contempt orders on direct appeal. Some of them were decided many years ago, under "procedural doctrines which had exalted the role of a trial as a battle of wits and subordinated its function as a means of ascertaining the truth." (*Krupp* v. *Chicago Transit Authority,* 8 Ill.2d 37, 41.) But whatever the judicial climate that prevailed when they were decided, the cases relied upon do not indicate the existence of a substantial constitutional question in the present case.

In the earliest of them, *Lester* v. *People,* 150 Ill. 408, decided in 1894, the court characterized the order there involved as one by which the books of a party "are taken from his custody and committed to that of a third person, for an indefinite period of time, for an inspection, generally, into all his affairs by the opposite party * * *." (150 Ill. at 421.) Such an order was held to raise a question calling for a construction of the constitutional provision prohibiting unreasonable searches and seizures, and so to sustain the jurisdiction of this court upon direct appeal. *Denison Cotton Mill Co.* v. *Schermerhorn,* 257 Ill. 128 (1913), in-

volved a similar claim that the scope of the order directing production was too broad, in that it called for the production of books and records that were not pertinent or material to the issue. Again this court took jurisdiction on direct appeal and held that since the books and writings ordered to be produced for inspection were material and pertinent, there was no deprivation of constitutional rights. In *Carden* v. *Ensminger,* 329 Ill. 612 (1928), the court took jurisdiction on direct appeal and set aside a contempt order where there was no showing of materiality and the order "left to the discretion of the attorneys for the executrix to determine what they would or would not inspect and what was or was not material to the issue." (329 Ill. at 622.) In *Red Star Laboratories Co.* v. *Pabst,* 359 Ill. 451 (1935), the court upon direct appeal reversed an order that required the defendant to pay the compensation of an attorney appointed to determine what documents were relevant. The other two cases relied upon by the respondents are not in point. *People* v. *Pomeroy,* 405 Ill. 175, involved a question as to the procedure required by due process in a case of indirect contempt, and *Hruby* v. *Chicago Transit Authority,* 11 Ill.2d 255, involved a challenge to the constitutionality of Rules 19—4 and 19—11 on the ground that they usurped legislative power.

These cases demonstrate that even before the adoption of the Civil Practice Act in 1933, the boundaries of the area constitutionally protected against unreasonable search and seizure were fixed at the limits of relevance. Debatable constitutional questions, sufficient to sustain the jurisdiction of this court upon direct appeal, existed when the trial court ordered the production of books, documents or objects that were not "pertinent"; "material to the issue"; "tending to prove the issues", (*Lester* v. *People,* 150 Ill. at 419, 420); "material and pertinent to the issue," (*Denison Cotton Mill Co.* v. *Schermerhorn,* 257 Ill. at 136); "material to the issue;" "pertinent to the issue" (*Carden* v. *Ensminger,* 329

Ill. at 620); "relevant and pertinent to the issues", (*Red Star Laboratories Co.* v. *Pabst,* 359 Ill. at 453); or where the conditions under which the order directed that the documents be produced were unduly burdensome. *Lester* v. *People,* 150 Ill. at 422; *Red Star Laboratories Co.* v. *Pabst,* 359 Ill. at 454.

None of the cases relied upon by the respondent was decided under the provisions of the Civil Practice Act and the rules of this court relating to discovery before trial. In *Krupp* v. *Chicago Transit Authority,* 8 Ill.2d 37, 41, we pointed out that discovery before trial "presupposes a range of relevance and materiality which includes not only what is admissible at the trial, but also that which leads to what is admissible at the trial." And in *People ex rel. Terry* v. *Fisher,* 12 Ill.2d 231, 236-7, we said that the discovery rules "were adopted as procedural tools to effectuate the prompt and just disposition of litigation, by educating the parties in advance of trial as to the real value of their claims and defenses. As noted by legal scholars, those rules will suffice for present needs if lawyers and judges will use them with an understanding of that purpose. (50 N.U.L. Rev. 628, Discovery and Depositions, Fitzpatrick and Goff.) Thus, to construe the language of Rule 19—4 'related to the merits of the matter in litigation' to refer only to isolated legal concepts such as negligence, proximate cause, and damages, divorced from the realities of litigation, would not be using this new tool 'with an understanding of its purpose.' In the light of this approach, we must reject at once as authority those cases limiting pretrial discovery to matters admissible in evidence * * * as being contrary to both the terms and intent of the Rule."

With these considerations in mind we turn to the order with which the respondents refused to comply. It directed them (1) to produce for inspection and copying the defendant's automobile liability insurance policy; (2) all medical reports, hospital records, and correspondence with

physicians, psychologists, psychiatrists, hospitals, clinics, or other medical personnel concerning the health, physical and mental condition of the plaintiff from the date of the accident to the date of employment of the attorneys for the defendant; (3) all statements made by the plaintiff or members of his family relative to the subject of litigation, whether signed or unsigned; (4) all memoranda made by personnel of the Country Mutual Insurance Company of conversations with the plaintiff and members of his family relative to the matter of litigation; (5) all written statements of witnesses, whether signed or unsigned, obtained by agents, or other personnel of the Country Mutual Insurance Company prior to the employment of the attorneys for the defendant; (6) all reports, photographs and statements obtained by agents, or other personnel of the Country Mutual Insurance Company relative to or growing out of the transaction complained of on March 20, 1960, which were obtained prior to the employment of the attorneys for the defendant; and (7) all medical reports or memoranda concerning the health and physical or mental condition of the plaintiff as it existed prior to the occurrence complained of.

Each of the categories (see Historical and Practice Notes, Ill. Rev. Stat. Ann., chap. 110, par. 101.17) referred to in the order relates to the narrow controversy that is the subject of the litigation—to the accident in which the plaintiff was alleged to have been injured and to his physical and mental condition before and after the injury. Their production, therefore, would not violate the constitutional rights of the parties. The respondents argue vigorously that some of the categories, and some of the items within them, may be privileged or otherwise protected from discovery by the provisions of Rule 19—5. These contentions do not, however, sustain the jurisdiction of this court upon direct appeal. See, *People* v. *Ryan,* 25 Ill.2d 233, 30 Ill.2d 456.

While the case thus presents debatable issues concerning

the scope of discovery permissible under the rules, it does not present any debatable constitutional issues, and it is therefore transferred to the Appellate Court, Third District.

*Cause transferred.*