(No. 39799.—■)

Roger L. Monier, Appellee, *vs.* Vernon Chamberlain.—
(Eugene H. Rennick, Jr., *et al.,* Appellants.)

*Opinion filed September 23, 1966.*

DAVIS, MORGAN & WITHERELL, of Peoria, for appellants.

O. B. PACE, JR. and PETER J. PAOLUCCI, both of Lacon, for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This action was originally brought by plaintiff, Roger Monier, to recover damages for personal injuries arising out of an automobile accident allegedly caused by the negligent operation of a motor vehicle by defendant, Vernon Chamberlain. Defendant's answer to the complaint was filed by Eugene H. Rennick, Jr., attorney for Chamberlain retained by Country Mutual Insurance Company, Chamberlain's liability insurer, and also the liability insurer of the plaintiff.

Subsequently, two motions supported by affidavit were filed by plaintiff requesting that Chamberlain and Country Mutual be ordered to produce various documents, reports, memoranda and statements for plaintiff's inspection and copying. An answer in opposition to the motions was filed, and after a hearing thereon, an order was entered directing production of the requested material. Following their refusal to comply, attorney Rennick and Country Mutual were found to be in contempt of court and each fined $50.

Appellants Rennick and Country Mutual then sought direct review in this court of the contempt order, but since no proper jurisdictional basis appeared, the cause was transferred to the Appellate Court for the Third Judicial District. *Monier v. Chamberlain,* 31 Ill.2d 400.

The appellate court (66 Ill. App. 2d 472) upheld the production order in part and reversed in part, and the cause was remanded to the circuit court with directions to modify the production order accordingly, and allow appellants to purge themselves of contempt by compliance therewith. The appellate court then granted a certificate of importance conferring jurisdiction upon this court. See our Rule 32(2), Ill. Rev. Stat. 1965, chap. 110, par. 101.32(2).

The production order entered by the circuit court under our Rule 17 (Ill. Rev. Stat. 1965, chap. 110, par. 101.17) requires the appellants to produce the following materials:

"1. A copy and contents of the automobile insurance policy No. A 434284 in force between the Country Mutual Insurance Company and the Defendant, Vernon Chamberlain, on March 20, 1960.

"2. All medical reports, hospital records, letters of correspondence from or to all physicians, surgeons, psychologists, psychiatrists, hospitals, clinics, or other medical personnel concerning the health, physical and mental condition of Roger L. Monier from March 20, 1960, up to the date of employment of counsel for the Defendant.

"3. All statements made by the Plaintiff or members of his family relative to the subject of litigation, whether signed or unsigned.

"4. All memoranda made by personnel of the Country Mutual Insurance Company of conversations with the Plaintiff and members of his family relative to the matter of litigation.

"5. All written statements of witnesses, whether signed or unsigned, obtained by agents, employees or other personnel of the Country Mutual Insurance Company obtained prior to the employment of Eugene Rennick, Attorney at Law, Toulon, Illinois, or Robt. A. Barnes, Attorney at Law, Lacon, Illinois, attorneys for the Defendant in the cause.

"6. All reports, photographs and statements ob-

tained by agents, employees, investigators, adjusters or other personnel of the Country Mutual Insurance Company relative to or growing out of the transaction complained of on March 20, 1960, which were obtained prior to the employment of Eugene Rennick, Attorney at Law, Toulon, Illinois, and Robert A. Barnes, Attorney at Law, Lacon, Illinois, Attorneys for the Defendant in this cause.

"7. All medical reports or memoranda concerning the health and physical or mental condition of the Plaintiff, Roger L. Monier, as it existed prior to the occurrence complained of."

The insurance policy was produced and Country Mutual filed a sworn response indicating that it did not possess a statement of the plaintiff. Appellants refused to produce the remaining materials, contending that the order does not specify the materials requested with sufficient particularity and that, in any event, much of the material sought is exempted from disclosure under our Rule 19—5(1) (Ill. Rev. Stat. 1965, chap. 110, par. 101.19—5(1)). The appellate court was of the opinion that paragraph 5 lacked the specificity required by Rule 17 and reversed the trial court on that point, but upheld the remainder of the circuit court's production order. Since there is no cross appeal, we do not consider the propriety of the appellate court's ruling concerning paragraph 5 of the order.

The first question we turn to is whether the order sufficiently designates the material required to be produced so as to enable the appellants to reasonably comply therewith, *i.e.,* to enable them to determine, upon a search of their files, what materials are properly contemplated by the order. Rule 17 provides:

"A party may at any time move for an order directing any other party or person to produce specified documents, relating to the merits of the matter in litigation, for inspection and to be copied or reproduced, or pro-

duce for inspection or to be photographed objects or tangible things relative to the merits of the said matters, or permit access to real estate for the purpose of making surface or subsurface inspections or surveys or photographs, or disclose information calculated to lead to the discovery of the whereabouts of any of the items. On the hearing the court may make any order that may be just. If the party or person claims that the item is not in his possession or control or that he does not have information calculated to lead to discovery of its whereabouts, he may be ordered to submit to examination in open court or by deposition regarding the same." Ill. Rev. Stat. 1965, chap. 110, par. 101.17.

While appellants maintain that each document sought must be specifically designated, and that if it is not known whether a particular document exists and is in the possession of appellants, plaintiff must by discovery deposition (Rule 19—4(1), Ill. Rev. Stat. 1965, chap. 110, par. 101.19—4(1)) and interrogatory (Rule 19—11, Ill. Rev. Stat. 1965, chap. 110, par. 101.19—11) ascertain these facts before proceeding for discovery under Rule 17, it is apparent to us that the rule does not so contemplate. That discovery procedures were designed to be flexible and adaptable to the infinite variety of cases and circumstances appearing in the trial courts is clear from the language of the rule: "A party may at any time move for an order" of production, and the court may "make any order that may be just." Provisions permitting greater flexibility or conferring wider discretion would be difficult to formulate, and it is, in our judgment, clear that resort to interrogatories and discovery depositions is not a necessary condition precedent to a motion for discovery of material, possession of which has not been theretofore definitely established in the party from whom production is sought. No other conclusion is compatible with the concluding provision of Rule 17 that in those instances where the party from whom production is

requested denies possession or control, "he may be ordered to submit to examination in open court or by deposition regarding the same."

The rule provides for discovery of "specified" material, and the degree of specificity required is the subject of vigorous argument. Basically, the question is whether each document or individual item must be particularly described and identified by the moving party, or whether it is sufficient to request production of such material by groups or categories of similar items. The specificity requirement of the rule is there for two purposes: to provide a reasonable description of the items requested, enabling those from whom discovery is sought to know what is being demanded of them, and to aid the trial court in ascertaining whether the requested material is exempted or privileged from discovery. What will suffice as a reasonable description may well vary from case to case depending on the circumstances of each, but we believe that designation by category ordinarily is sufficient for these purposes. (See *United States* v. *United States Alkali Export Ass'n*, (D.C.N.Y.), 7 F.R.D. 256, and the annotation appearing in 8 A.L.R. 2d 1134, pp. 1148 *et seq.* where conflicting decisions of Federal and State courts on this point are collected.) No instance in the portions of the order now being reviewed is pointed out to us, nor do we believe there are any, in which the description of the requested material is so inadequate as to leave defendant with any real uncertainty regarding what is and what is not included. Requiring minute particularization of each document sought might well unduly lengthen the discovery process by enabling the parties to engage in dilatory practices. Concerning the portions of the order before us, we believe that the categorical designations appearing in each paragraph thereof are sufficient for the purposes sought to be achieved by the specificity requirement of Rule 17, and that each of the enumerated categories calls for the production of documents which "relate to the merits of the

matter in litigation", as contemplated by the rule and intimated as proper on the earlier appeal herein. (*Monier* v. *Chamberlain,* 31 Ill.2d 400 at page 404.) As we said in *Krupp* v. *Chicago Transit Authority,* 8 Ill.2d 37, 41, discovery before trial "presupposes a range of relevance and materiality which includes not only what is admissible at the trial, but also that which leads to what is admissible at the trial." See also *People ex rel. Terry* v. *Fisher,* 12 Ill.2d 231, 236-7, where we observed that the objective to be obtained under the discovery rules is the expeditious and final determination of controversies in accordance with the substantive rights of the parties. Additionally, the increasing complexity and volume of present-day litigation involves frequent recourse to discovery procedures, and to unduly limit their scope would serve only to inhibit pretrial settlements, increase the burden of already crowded court calendars, and thwart the efficient and expeditious administration of justice.

We believe that Rule 17, when read alone, does contemplate the broad discovery sought here. It is strenuously argued, however, that, except for the insurance policy, the order entered by the circuit court improperly requires production of materials privileged from disclosure under our Rule 19—5(1), which provides in pertinent part that "Disclosure of memoranda, reports or documents made by or for a party in preparation for trial or any privileged communications between any party or his agent and the attorney for the party shall not be required through any discovery procedure."

Paragraph 6 of the production order calls in part for "All * * * statements obtained by agents, employees, investigators, adjusters or other personnel of the Country Mutual Insurance Company relative to or growing out of the transaction complained of * * *", thus requiring production of any statements made by defendant to his insurance company, which we have held in *People* v. *Ryan,* 30

Ill.2d 456, are clothed with the attorney-client privilege set forth in the last clause of Rule 19—5(1) and therefore privileged from discovery as confidential communications. In the ordinary case, we believe the principle of *Ryan* to be sound. However, Country Mutual is here the liability insurer of both parties to the accident in question, a fact known to both parties shortly after the occurrence. Until the relative legal positions of the individual insureds have been established as plaintiff and defendant, and even later, should a counterclaim be filed, Country Mutual remains under a continuing obligation to defend either insured should a complaint be filed against either. It may, during this period, or at least until independent counsel has been retained by either insured, require statements from both insureds concerning the details of the occurrence in question under the ordinary co-operation clauses of the insurance policies. Under these circumstances, we believe that one of the essential conditions precedent to the attachment of the attorney-client privilege, *i.e.,* that the communications must originate in a confidence that they will not be disclosed, cannot be said to exist. (*Cf. Dickerson* v. *Dickerson,* 322 Ill. 492, 500, 501.) Making a statement to an agent who is also, at the same time, an agent for a potential adversary is scarcely the type of communication contemplated by the privilege. (See *Scott* v. *Aultman Co.* 211 Ill. 612.) We therefore hold that any statements given by defendant to agents, employees, *etc.,* of Country Mutual prior to the time that plaintiff had retained independent counsel are not protected from disclosure by the attorney-client privilege as set forth in Rule 19—5(1). Insofar as paragraph 6 of the order requires production of similar statements made by defendant subsequent to plaintiff's retention of independent counsel, Rule 19—5(1) protects them from discovery.

Appellants next contend that the clause of Rule 19—5(1) which protects from disclosure "memoranda, reports or documents made by or for a party in preparation for

trial" is violated by the order. In *Stimpert* v. *Abdnour,* 24 Ill.2d 26, 31, this court said that this clause of the rule, "* * * sometimes loosely referred to as the 'work product' privilege, was believed necessary to prevent complete invasion of the files of counsel. It is clear that this exemption would protect notes and memoranda [actually] prepared by counsel for use in trial. (*Eizerman* v. *Behn,* 9 Ill. App. 2d 263.) As properly understood, however, this rule does not protect material and relevant evidentiary facts from the truth-seeking processes of discovery." In *Stimpert* the court allowed discovery by the defense of a statement taken by plaintiff's counsel from a defendant, as such statement, when properly authenticated, might be independently admissible as an admission by a party opponent and might be introduced as a part of plaintiff's case. Thus the broad proscriptive language of Rule 19—5(1) was not allowed to be employed as a means of suppressing material evidence prior to trial.

In determining the scope of the exemption contemplated by this clause of the rule, attention must be focused upon the words "made in preparation for trial". Although it may feasibly be said that *all* memoranda, reports or documents made by or for a party prior to the actual trial are "made in preparation for trial", present-day concepts of discovery as envisaged by *Stimpert, Krupp,* and kindred cases, looking to the ultimate ascertainment of the truth and in many instances the realization of just settlements without the necessity of protracted litigation cannot countenance such a broad interpretation of Rule 19—5(1). (See Kennelly, The Work Product Doctrine in Illinois, (1963) Negligence Law Forum, 129.) We believe that only those memoranda, reports or documents which reflect the employment of the attorney's legal expertise, those "which reveal the shaping process by which the attorney has arranged the available evidence for use in trial as dictated by his training and experience," (Miller, Recent Discovery, 1963 U. of Ill. L.F., 666, 673,)

may properly be said to be "made in preparation for trial" as contemplated by that language employed in Rule 19—5(1). Thus, memoranda made by counsel of his impression of a prospective witness, as distinguished from verbatim statements of such witness, trial briefs, documents revealing a particular marshalling of the evidentiary facts for presentment at the trial, and similar documents which reveal the attorney's "mental processes" in shaping his theory of his client's cause, are documents "made in preparation for trial" and exempt from discovery under Rule 19—5(1). Other material, not disclosing such conceptual data but containing relevant and material evidentiary details must, under our discovery rules, remain subject to the truth-seeking processes thereof. Accordingly, we believe that the material ordered produced by paragraphs 2, 3, 4 (insofar as they have not been made by legal counsel), 6 and 7, is properly discoverable under Rule 17 and not exempt or privileged from disclosure under Rule 19—5(1).

Appellants finally contend that the production order offends constitutional requirements of due process of law. We have already held, however, that production of the material sought here would not violate the constitutional rights of the parties. *Monier* v. *Chamberlain,* 31 Ill.2d 400.

We have considered the propriety of requiring under the Illinois discovery practice, as under Federal Rule 34 (Fed. Rules Civ. Proc. Rule 34, 28 U.S.C.A.), that "good cause" be shown before otherwise properly discoverable material, or material ordinarily protected from discovery under a broader "work product" doctrine than the one adopted here, need be disclosed. We have concluded that the attendant problems which arise under the "good cause" doctrine render adoption of that theory undesirable. As one Federal district judge put it: "The rules of Civil Procedure designed to simplify the practice and procedure in the Federal District courts have been the subject of more in-

terpretative legal literature than almost any branch of law—and more particularly did the case of *Hickman* v. *Taylor,* (329 U.S. 495, 67 S. Ct. 385 account for a large part of it —a veritable Pandora's box." *Viront* v. *Wheeling and Lake Erie Railway Co.* (N.D. Ohio), 10 F.R.D. 45.

The *Hickman* case, in holding that the plaintiff could not discover statements taken by the defense of occurrence witnesses because they constituted the "work product" of an attorney, intimated that circumstances indicating "good cause" might, in a proper case, require the production of material ordinarily encompassed within the concept of "work product". Its progeny in the lower Federal courts amounts to a huge jungle of conflicting decisions. (See Anno. 73 A.L.R. 2d 12; Kennelly, The Work Product Doctrine in Illinois, (1963) Negligence Law Forum 129, 134-40.) We believe that narrowing the scope of the "work product" doctrine—and rendering material encompassed thereby absolutely exempt from discovery, while at the same time freeing relevant and material evidentiary matter—is preferable to the Federal position.

We are not unaware of the existence in the legal profession of substantial controversy regarding discovery practices and their proper limitations, and we realize that the clarification of existing rules herein set forth permits a broader discovery practice than may have been thought permissible under our rules. We appreciate that application of the rules as here construed may occasionally penalize diligent counsel and reward his slothful adversary. But discovery rules work both ways, and by "educating the parties in advance of trial as to the real value of their claims and defenses" (*People ex rel. Terry* v. *Fisher,* 12 Ill.2d 231, 236) the ascertainment of the truth and ultimate disposition of the lawsuit in accordance therewith is expedited. This, in our judgment, is the overriding consideration which justifies our conclusions.

For the foregoing reasons the judgment of the Appellate Court for the Third District is affirmed.

*Judgment affirmed.*