UNION OIL COMPANY OF CALIFORNIA, Plaintiff-Appellee, *v.* DONALD HERTEL, Defendant-Appellant.

First District (1st Division)    No. 79-2249

Opinion filed September 29, 1980.—Rehearing denied October 27, 1980.

Stephen C. Tennant, of Northbrook, for appellant.

Randall I. Marmor, of Gilmartin, Hallenbeck & Schroeder, Ltd., of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

A default judgment was entered againt Donald Hertel based on Hertel's refusal to submit handwriting exemplars upon order of the court. Hertel appeals. On appeal, Hertel contends that handwriting samples are not discoverable matters.

We affirm.

Union Oil Company of California (Union Oil) brought an action based on fraud against Donald Hertel on April 19, 1978. Count I of the complaint alleged that Hertel had represented that he was an attorney and had charged Union Oil $8,500 for legal services allegedly performed in the rezoning of property. Union Oil alleged that Hertel was not licensed to practice law and had not performed any legal services. The complaint further stated that Union Oil issued a check for $8,500 payable to Hertel as an attorney and that Hertel endorsed, negotiated, and cashed the check. A copy of the check, which was attached to the complaint, reveals the following endorsement:

"Donald Hertel, Lawyer
1660 Hertel Lane
Deerfield, Ill."

In count II of the complaint, Union Oil alleged that the misrepresentations were wilful, fraudulent, and malicious and on these bases, sought punitive damages.

In his answer, Hertel admitted that he was not a licensed attorney and that he did not perform legal services for Union Oil. He further stated that he had insufficient information to answer the allegations regarding the check issued to him by Union Oil.

Hertel's deposition was taken on August 22, 1978. When shown the original check, he could not say with certainty that the endorsement was his. Hertel refused to produce handwriting samples for expert analysis absent a court order.

Pursuant to Union Oil's motion, the trial court entered an order on November 14, 1978, directing Hertel to submit five handwriting samples of the endorsement which appeared on the check. Defendant's appeal from the order was dismissed on the ground that the order was not final and appealable. On July 11, 1979, a certified letter requesting that defendant comply with the court's order was sent by Union Oil to defendant's attorney. The attorney refused delivery. One week later, Union Oil again requested the production of handwriting samples and Hertel's attorney responded by letter that Hertel would not comply.

Consequently, Union Oil moved for sanctions and a default judgment. Despite being served with notice of this motion, Hertel failed to appear at the hearing. The trial court thereafter entered a default judgment against Hertel on count I of the complaint.

On appeal, defendant contends that the trial court was without authority to enter the discovery order because the Supreme Court Rules do not specifically provide for the discovery of handwriting exemplars in civil actions.

Supreme Court Rule 214 provides that "[a]ny party may by written request direct any other party to produce for inspection, copying, reproduction, photographing, testing or sampling specified documents, objects or tangible things * * * whenever the nature, contents, or condition of such documents, objects, tangible things * * * is relevant to the subject matter of the action." Ill. Rev. Stat. 1977, ch. 110A, par. 214.

The supreme court has stated that the discovery rules were designed to be "flexible and adaptable to the infinite variety of cases and circumstances." (*Sarver v. Barrett Ace Hardware, Inc.* (1976), 63 Ill. 2d 454, 460, 349 N.E.2d 28, 30, quoting *Monier v. Chamberlain* (1966), 35 Ill. 2d 351, 355, 221 N.E.2d 410, 414.) Their main objectives are the ascertainment of truth and the expeditious and final determination of the controversy. (*Monier v. Chamberlain.*) In accord with these principles, the court in *Sarver* held that partially destructive testing was permissible under the discovery rules even though such testing was not specifically provided for in the rules.

■■ Here, the relevancy of the exemplars is clear since one of the primary issues is whether Hertel in fact endorsed the check issued by Union Oil. In light of the *Sarver* decision and the liberal philosophy underlying the rules, we find that the absence of a specific provision regarding the discovery of handwriting exemplars does not prohibit their discovery.

■■ Furthermore, handwriting is a physical characteristic. (*Gilbert v. California* (1967), 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951.) Our discovery rules also provide for the discovery of physical traits. (See Ill. Rev. Stat. 1977, ch. 110A, par. 215.) Hence, we conclude that the trial

386

court had authority to compel Hertel to submit handwriting samples to Union Oil for analysis by experts.

■■ Hertel contends that the trial court's order violated his right to be free from unreasonable searches and seizures. However, the provisions in the United States and Illinois constitutions prohibiting unreasonable searches and seizures were designed to protect the individual against oppressive action *by the government* and its officers. (*People v. Johnson* (1973), 14 Ill. App. 3d 254, 302 N.E.2d 430, citing *People v. Ford* (1934), 356 Ill. 572, 191 N.E. 315.) Here, the action is between private parties, and therefore the application of search and seizure law is unwarranted. We further note that "[c]ompulsion of handwriting exemplars is neither a search or seizure subject to Fourth Amendment protections * * *." *United States v. Euge* (1980), 444 U.S. 707, 718, 63 L. Ed. 2d 141, 100 S. Ct. 874, 881, citing *United States v. Mara* (1973), 410 U.S. 19, 35 L. Ed. 2d 99, 93 S. Ct. 774.

Finally, defendant argues that even if exemplars are discoverable, the order was improper because it directed him to furnish a document not then in existence and cites *Mendelson v. Feingold* (1979), 69 Ill. App. 3d 227, 387 N.E.2d 363, in support of his position. In *Mendelson*, plaintiff was ordered to engage a medical expert, submit to a physical examination, and tender a medical report containing the doctor's expected testimony at trial. In holding that the order was not authorized by the discovery rules, the appellate court stated:

"None of the rules regulating discovery, however, authorize the court to require a party to provide a witness, furnish a document or fashion some object (none of which then exist) for the benefit of an adverse party. These rules are directed only towards the disclosure of that which does exist, for example, tangible things or knowledge possessed by persons." 69 Ill. App. 3d 227, 232, 387 N.E.2d 363, 366.

However, the case at bar is distinguishable from *Mendelson*. Hertel was not required to furnish detailed evidence and reports to Union Oil, but rather only was required to tender handwriting samples for analysis by Union Oil's experts.

■■ An argument similar to that raised by Hertel was presented in *United States v. Euge* (1980), 444 U.S. 707, 63 L. Ed. 2d 141, 100 S. Ct. 874, which also involved the production of handwriting samples. In rejecting this argument, the court noted:

"* * * we do not view the exhibition of physical characteristics to be equivalent to the creation of documentary evidence. See *United States v. Dionisio*, 410 U.S. 1, 6 (1973). Further, the statute obviously contemplates the transformation of some evidence not formerly tangible, since it obligates the summoned individual to provide testimony. The testimony, of course, creates evidence not previously in existence. We see no difference between the nature

of the evidence created when the witness is ordered to talk and that created when he is ordered to write." (444 U.S. 707, 717 n.11, 63 L. Ed. 2d 141, 151 n.11, 100 S. Ct. 874, 881 n.11.) Likewise, our discovery rules provide for "transformation of some evidence not formerly tangible," since Supreme Court Rule 201(a) authorizes the use of oral and written depositions. We therefore find Hertel's contention to be without merit.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

O'CONNOR and CAMPBELL, JJ., concur.