City of Bloomington, a Municipal Corporation, Petitioner-Appellee, v. Elmo Quinn, Leona M. Quinn, Walter L. Benson, Rose S. Benson, Industrial Casualty Insurance Company, Diamond Johnson and Mary Johnson, Interstate Bond Company, Harold S. Shoel, et al., Defendants, Walter L. Benson and Rose S. Benson, Defendants-Appellants.

Gen. No. 11,078.

Fourth District.

October 16, 1969.

Rehearing denied November 13, 1969.

Costigan & Wollrab, of Bloomington (James Wollrab and William A. Allison, of counsel), for appellants.

DePew, Grimes & DePew, of Bloomington (James R. DePew and Joseph W. DePew, of counsel), for appellee.

MILLS, J.

This is a condemnation case and the sole question on review is whether or not discovery procedures apply in condemnation cases.

The facts are simple: during the course of an urban renewal project, appellee city sought to obtain the real estate of appellants, and offered them $6,380; this offer was refused and condemnation proceedings ensued; during the course of pretrial procedures, appellants sought discovery in the form of names and addresses of appraisers, production of appraisals for inspection and the right to depose the city's appraisers; these efforts were denied by the trial judge, and the case went to trial; the jury awarded a verdict of $4,500, and appellants bring this appeal, urging that the trial court's refusal to permit pretrial discovery resulted in reversible error.

Illinois Supreme Court Rule 201, effective January 1, 1967, constitutes a restatement of pretrial discovery as it has been broadened over the past few years by case law. A quick reading of the committee comments under Rule 201 bears this out. As was pointed out in People ex rel. Terry v. Fisher, 12 Ill2d 231, 145 NE2d 588, 592:

". . . we are mindful of the obligation of this court to give these discovery rules an interpretation consistent with their avowed purpose. *They were adopted as procedural tools to effectuate the prompt and just disposition of litigation, by educating the parties in advance of trial as to the real value of their claims and defenses.* As noted by legal scholars, those rules will suffice for present needs if lawyers and judges will use them with an understanding of that purpose. . . . Thus, to construe the language . . . 'related to the merits of the matter in litigation' to refer only to isolated legal concepts such as negligence, proximate cause, and damages, divorced from the realities of litigation, would not be using this new tool 'with an understanding of its purpose.'

"In the light of this approach, *we must reject at once as authority those cases limiting pretrial discovery to matters admissible in evidence* . . . as being contrary to both the terms and intent of the Rule." (Emphasis added.)

Or phrased another way, " 'Discovery before trial' presupposes a range of relevance and materiality which includes not only what is admissible at the trial, but also that which leads to what is admissible at the trial. We need not now fix ultimate boundaries." Krupp v. Chicago Transit Authority, 8 Ill2d 37, 132 NE2d 532, 535.

██ There can be little doubt that complete disclosure, via the authorized discovery methods prescribed by Rule 201, is now the "order of the day" and standard procedure in Illinois. The rule reads: "Except as provided in these rules, a party may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking disclosure or of any other party, including the existence, description, nature, custody, condition, and location of any

documents or tangible things, and the identity and location of persons having knowledge of relevant facts." This broader availability of discovery procedures came through the flood gates in the wake of the Monier case, where the avowed purpose and goal sought was declared to be ". . . the ascertainment of the truth and ultimate disposition of the lawsuit in accordance therewith. . . ." It was further observed that ". . . the increasing complexity and volume of present-day litigation involves frequent recourse to discovery procedures, and to unduly limit their scope would serve only to inhibit pretrial settlements, increase the burden of already crowded court calendars, and thwart the efficient and expeditious administration of justice." Monier v. Chamberlain, 35 Ill2d 351, 221 NE2d 410, 417, 415. See also, Monier v. Chamberlain, 31 Ill2d 400, 202 NE2d 15; 66 Ill App2d 472, 213 NE2d 425.

We perceive no valid reason why the principle of discovery should not apply in condemnation cases. Such conclusion would prostitute the very fundamental objective of Rule 201 and the broad discovery policy intended in all civil cases by Monier. Indeed, since Monier was decided, reviewing courts in Illinois have held in condemnation cases that the names of appraisers are not privileged (City of Chicago v. Albert J. Schorsch Realty Co., 95 Ill App2d 264, 238 NE2d 426, 433), and that appraisers' reports are not an attorney's work product (Department of Public Works and Bldgs. v. Oberlaender, 92 Ill App2d 174, 235 NE2d 3, 9). The court in the latter case concluded: "On the contrary such reports appear to us to be in the same category with the reports or statements of any other person not a party to the action possessing facts or information relevant to the issues in controversy. Accordingly we believe the trial court committed no error in ordering the production of the documents."

The rule seems to us to be quite unequivocal and unambiguous: there is complete disclosure of any relevant

148

matter. The only exceptions to this all encompassing and totally inclusive discovery rule are those provided for in (b) (2) of the rule, dealing with privileged matters and the work product of a party in preparation for trial. See Monier v. Chamberlain, 35 Ill2d 351, 221 NE2d 410, 416. Yet appellee city specifically argues that it does not base its objection to discovery in this case upon the exception of privilege or work product, but strenuously grounds its position on the theory that the offer of the city, and the circumstances surrounding the basis of the appraisals and offer, are not admissible in evidence. The city argues that such matters are not discoverable under authority of City of Chicago v. Harrison-Halsted Bldg. Corp., 11 Ill2d 431, 143 NE2d 40, and City of Waukegan v. Stanczak, 6 Ill2d 594, 129 NE2d 751. We cannot agree with that conclusion. Insofar as the issue of this appeal is concerned, those cases are not controlling. The City of Waukegan case merely held that "evidence of the condemnor's offer to buy was properly excluded," a question that is not in any way posed here. (6 Ill2d 594, 129 NE2d 751, 758.) The Harrison-Halsted case, on the basis of City of Waukegan, ruled that since such offers "are in the nature of an attempt to compromise and cannot be proved," neither can they be discovered. (11 Ill2d 431, 143 NE2d 40, 43.) That case was decided prior to the broad concept of discovery enunciated by Monier, and before the holding in People ex rel. Terry v. Fisher, supra, that discovery is not limited to such matters as are admissible in evidence.

 We, therefore, conclude that the theory of full disclosure by discovery, manifested by Monier and Rule 201, require in condemnation cases the disclosure of the names of appraisers, their addresses, and copies of the documents constituting their appraisals.

The discovery motions here made by the landowners were in no way sinister or devious; nor were they a subterfuge to obtain indirectly that which appellants could

149

not obtain directly. They had the offer, it was made to them. What they did not have, was the knowledge or the specific foundation data that the city's appraisers used in employing their expertise. Undeniably, the discovery sought had reference to "matter relevant to the subject matter involved in the pending action," and involved "the existence, description, nature, custody, condition, and location of any documents or tangible things, and the identity and location of persons having knowledge of relevant facts." Assuredly, the appraisers would have "knowledge of relevant facts" at issue in this condemnation proceeding. The information sought to be discovered falls foursquare within both the intent and specific description of Rule 201.

█ However, we cannot rule that the trial court's failure to allow the discovery sought was of such a nature as to amount to reversible error. The record of this case before us is a "short record"—there is no transcript of the proceedings before the jury. But the "Judge's Docket Sheet" reflects the following chronological inventory of events: both parties answered ready for trial; voir dire examination was conducted, the jury empaneled and sworn; counsel made their opening statements; the city moved for the jury to view the premises and this was allowed; both sides presented evidence, rested and no rebuttal evidence was offered by either side; after jury instruction conference, final arguments were presented; the jury was instructed and retired to deliberate; 1½ hours later the jury returned a verdict for appellants in the amount of $4,500; judgment was entered on the verdict. Although no transcript of the trial is furnished, other pertinent figures must be gleaned from the motions, a stipulation between counsel and their arguments in the briefs. The city's two appraisers who testified stated that the property sought was valued at $3,500 and $3,950, respectively; the offer to purchase originally

150

made by the city was $6,830. Yet, nowhere in the "short record," briefs, reply brief, abstract and supplemental abstracts of the record do we find any reference to what appellant's witnesses testified was the value of the subject land. We cannot presume that appellants offered no proof at all as to value, or that their value evidence was less than the $4,500 verdict, for in either instant a remittitur damna would have been entered so as to bring the judgment within the range of the evidence. Department of Public Works v. Huff, 15 Ill2d 517, 155 NE2d 563, 565. Furthermore, common sense would dictate that appellants' value evidence was unquestionably more than the city's offer of $6,380, or they would not have gone to trial.

On the other hand, the "short record" before us does reflect that a procedurally proper trial by jury was afforded, the jury viewed the premises, and returned a verdict in excess of the highest value of the city's evidence. In fact, the jury's verdict was $1/8$th higher than the highest value the city presented. We conclude that the trial here "proceeded in accordance with the interests of justice," that the jury was not "influenced by passion or prejudice" and that there was no "clear and palpable mistake." Illinois Bldg. Authority v. Dembinsky, 90 Ill App2d 451, 233 NE2d 38, 41; City of Chicago v. Harrison-Halsted Bldg. Corp., 11 Ill2d 431, 143 NE2d 40, 44; Department of Public Works v. Lambert, 411 Ill 183, 103 NE2d 356, 360.

■■■ We hold that discovery does apply in condemnation cases as well as any other civil proceeding, but that the refusal to permit it here was harmless error. The trial court is affirmed.

Affirmed.

CRAVEN, P. J. and SMITH, J., concur.