THE DEPARTMENT OF TRANSPORTATION, Petitioner-Appellee, *v.* JOSIAH WILLIAM COLLINS, II, *et al.*, Defendants.—(JOSIAH WILLIAM COLLINS, II, *et al.*, Defendants-Appellants.)

Third District   No. 77-434

Opinion filed February 28, 1979.

Kent F. Slater, of Lucie, Heiser & Slater, of Macomb, for appellants.

William J. Scott, Attorney General, of Springfield (Roy E. Frazier and Samuel J. Naylor, Assistant Attorneys General, of counsel), for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

In this condemnation proceeding defendant property owners Josiah W. Collins II and others appeal from orders denying their traverse and

motions to dismiss and from an order granting plaintiff's motion for immediate vesting of title. (See Ill. Rev. Stat. 1977, ch. 47, par. 1 *et seq.*) The property which is the subject of this litigation is identified as Parcel 9154 and consists of 1.407 acres, of which .879 acre is now a public road right-of-way for Illinois State Bond Issue Route 9, also known as U.S. 136, in Macomb, Illinois. One of the Illinois highway improvement projects scheduled for fiscal year 1977 (July 1, 1976, through June 30, 1977) was Project 24 whereby a one-half mile length of U.S. 136 in Macomb would be widened from two lanes to five lanes with two traffic lanes in each direction and one left turn lane at each intersection.

On June 2, 1977, the Department of Transportation of the State of Illinois filed a petition for condemnation to secure fee simple title to Parcel 9154 for highway right-of-way and to secure temporary construction easements over five separate small tracts to be used for machinery, equipment, and workmen in the course of construction. On the same date the Department also filed a motion for immediate vesting of title which alleged that the schedule of improvements adopted by the Department for fiscal year 1977 included the widening and improving of U.S. 136 in Macomb and that, since this project is to be let for bidding on June 17, 1977, the Department must acquire title to these parcels prior to that date. Failure to let the contract prior to the June 30 expiration of fiscal year 1977 would cause the funds appropriated for the project to lapse.

A hearing on the Department's motion for immediate vesting of title was set for June 10, 1977, and at that time defendant Collins requested and was granted a continuance until June 21, 1977, for the stated purpose of obtaining expert valuation witnesses. Also on June 10, a special and limited appearance was entered by Macomb High School Chapter of Future Farmers of America for the "purpose of objecting to the lack of service of process upon this Defendant and to the jurisdiction of the Court over it * * *." The affidavit attached to this appearance indicated that the Macomb FFA rented certain farm land from Collins and that a portion of that farm land was subject to the condemnation proceeding.

On June 14, 1977, upon motion of the Department, the court entered an order without notice to the other parties, granting leave to add the Macomb FFA as an additional party-defendant.

On June 21, the day set for the hearing, 10 written motions were filed. Only those which concern this appeal need be mentioned here. First, at the request of the Department, one defendant, McDonough Power Cooperative, was dismissed as a party. Next, defendant Collins presented a motion to strike the June 14 order which added the FFA as a defendant without notice to other parties. The court denied Collins' motion to strike.

Collins also filed a traverse and motion to dismiss relating both to the

petition for condemnation and to the motion for immediate vesting, followed by, *inter alia*, a motion for continuance. A traverse and motion to dismiss were also filed by Western Illinois Oil Company, another defendant.

By mutual agreement of the parties the court first heard arguments of counsel as to the pleading and jurisdictional issues raised in the motions to dismiss, and defendants' motions were denied. The court next considered defendant Collins' motion for a continuance to permit interrogatories and discovery depositions of Department agents relating to whether this is a proper exercise of the right of eminent domain, whether reasonable necessity exists for taking this property, and what is preliminary just compensation. The court denied the motion, in part because it was not filed until the day set for hearing.

Next the court heard the motion for immediate vesting of title. After both sides presented evidence, the court made oral findings that the Department has authority to exercise the right of eminent domain, that Parcel 9154 and the other parcels are subject to such right, and that such right is being properly exercised here.

After the court announced its findings, defendants' counsel called the court's attention to a case which required the traverse to be heard before the motion for immediate vesting of title. (See *Department of Public Works & Buildings v. Neace* (2d Dist. 1973), 13 Ill. App. 3d 982, 301 N.E.2d 509.) The Department then elected to stand upon its previous evidence for purposes of the traverse, and defendant Collins called witnesses who challenged the safety of the design and the authority of the Department to condemn this property. Thereafter, the trial court entered written orders denying the traverse and granting the motion for immediate vesting of title. From those orders defendants appeal.

Defendants first contend that the court erred in refusing to allow discovery and that the defendants were, as a result, unable to challenge effectively the allegations of the Department's petition. Defendants cite *City of Bloomington v. Quinn* (4th Dist. 1969), 114 Ill. App. 2d 145, 252 N.E.2d 10, where it was held that discovery procedures do apply in condemnation cases. However, that case was not a quick-take action, and the holding of the court was expressly limited to "the disclosure of the names of appraisers, their addresses, and copies of the documents constituting their appraisals." (114 Ill. App. 2d 145, 149, 252 N.E.2d 10, 13.) The court went on to rule that the trial court's failure to allow discovery in that case was not reversible error.

Defendants also argue that the quick-take statute unconstitutionally encroaches upon the judicial power of the courts to review the legislative decision concerning land use when discovery is denied to condemnees, thereby preventing them from mounting an effective defense. While this

argument would appear to present an issue of first impression, we do not reach the constitutional issue because it was not raised in the trial court and was, therefore, not preserved for review. *People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353; *People v. Orr* (1956), 10 Ill. 2d 95, 139 N.E.2d 212.

■■ Defendants' argument must fail in any event, because, under Supreme Court Rule 201 (Ill. Rev. Stat. 1977, ch. 110A, par. 201(d)), discovery can be initiated *at any time* with leave of court upon good cause shown. The trial court made clear that defendants' request for discovery not only could have been made earlier, but also failed to show good cause because the matters which defendant sought to discover were related solely to the design and engineering portions of the project and were not matters subject to judicial review. (*Department of Public Works & Buildings v. Lewis* (1952), 411 Ill. 42, 103 N.E.2d 645.) Defendants argue that the plans for a proposed public works improvement are subject to judicial review but their only authority is *Ness v. Illinois Commerce Com.* (1977), 67 Ill. 2d 250, 367 N.E.2d 672, which involved administrative review of a Commerce Commission decision granting a certificate of convenience and necessity to a public utility for a transmission line. *Ness* is not applicable to this condemnation proceeding.

■■ We also note that during oral argument of this appeal, defendants' counsel admitted that defendants do not claim any prejudice resulting from the denial of discovery. We conclude that the trial court did not abuse its discretion when, under the circumstances of this case, it denied defendants' request for discovery.

■■■ Defendants next argue that the Department failed to secure Illinois Commerce Commission approval of the proposed condemnation of land used by a public utility as required by section 2.1 of the Eminent Domain Act. Defendants insist that Commerce Commission approval was required here because General Telephone Company lines were located on the property to be taken. Defendants have no standing to raise this issue since the telephone company was not joined as a party-defendant. Another public utility, McDonough Power Cooperative, was originally named as a defendant but was subsequently dismissed when a settlement was reached as to them. Presumably the telephone company's interest was similarly dealt with by the Department. It has long been the rule that the omission of a necessary party does not invalidate a condemnation proceeding as against those who are made parties, but rather the only consequence is that, as against the omitted party, the proceeding is nugatory. (*St. Louis & Cairo R.R. Co. v. Postal Telegraph Co.* (1898), 173 Ill. 508, 51 N.E. 382.) Surely then, the omission of a Commission approval for a nonparty would not invalidate the proceeding as to the other parties.

Defendants also contend that section 2.4 of the Eminent Domain Act

is unconstitutional in that it deprives them of their right to due process by penalizing condemnees who appeal from a "quick-take" order under section 2.2 fixing preliminary just compensation. While an ordinary judgment creditor can recover interest from the date of the judgment if the judgment is affirmed or if the appeal is dismissed (Ill. Rev. Stat. 1977, ch. 110A, par. 305(d)), a condemnee is not entitled to interest on money held by the county treasurer in his behalf. (*Locasio v. Rosewell* (1st Dist. 1977), 50 Ill. App. 3d 704, 365 N.E.2d 949.) Again defendant seeks to raise a constitutional issue on appeal which was not presented to the trial court for consideration, and we again must decline to consider the question.

■ Next defendants assert that the Department failed to satisfy the requirement of section 2.1(b) of the Eminent Domain Act which specifies that a motion for immediate vesting of title shall include "the formally adopted schedule or plan of operation" for the project. The Department furnished a booklet entitled "Proposed Improvements for Illinois Highways/Fiscal Year 1977" which included this project. A similar publication was ruled sufficient to satisfy the statutory requirement in *Department of Public Works & Buildings v. Dust* (1960), 19 Ill. 2d 217, 166 N.E.2d 36, so consequently we believe defendants' argument is without merit.

■ Defendant Collins also claims that the trial court erred in granting the Department's motion to add the Macomb FFA chapter as a party-defendant without notice to the other defendants who had previously appeared. We note that the FFA was represented by the same counsel as defendant Collins, and we can see no possible prejudice to any of the defendants from the *ex parte* order. Therefore any error was harmless.

■ Finally defendants contend that the trial court improperly heard the motion for immediate vesting of title prior to hearing the traverse when in fact the traverse should have been heard first in accordance with *Department of Public Works & Buildings v. Neace* (2d Dist. 1973), 13 Ill. App. 3d 982, 301 N.E.2d 509. We cannot disregard the fact that defendants themselves urged the court to conduct a hearing on the quick-take motion first, and that they called the court's attention to *Neace* only at the close of that hearing. According to the record, the trial court made its rulings in the proper order, and any error in the order of presentation of evidence was induced at least in part, by defendants. Accordingly we find no reversible error in the procedure followed by the trial court.

For the reasons stated, the judgment of the Circuit Court of McDonough County is affirmed.

Affirmed.

BARRY, P. J., and ALLOY, J., concur.