HERBERT LORENZ *et al.*, Plaintiffs-Appellants, v. JOSEPH SIANO, Defendant-Appellee.

First District (4th Division)   No. 1—91—3187

Opinion filed June 17, 1993.—Rehearing denied July 21, 1993.

Propp & Schultz, of Chicago, for appellants.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Alison E. O'Hara, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

Plaintiffs, Herbert and Grace Lorenz, appeal from an order of the circuit court of Cook County denying their motion for a new trial following the entry of judgment on a jury verdict in favor of defendant, Joseph Siano.

The Lorenzes filed a complaint in negligence against Siano arising from a vehicular accident which occurred on Illinois Route 53 south of Euclid Road in Palatine, Illinois, on September 11, 1984. Herbert Lorenz sought damages for injuries he sustained as a result of the accident. Grace Lorenz requested damages for loss of consortium by reason of the injuries suffered by her husband, Herbert.

Between 9 and 9:30 a.m. on September 11, 1984, Herbert Lorenz was driving north on Route 53 at a speed of about 55 miles per hour in the far right lane. At the place of the occurrence, Route 53 has three northbound traffic lanes. As Lorenz approached Euclid Road, the two cars in front of him in his lane moved into the center northbound lane, leaving Lorenz directly behind a "front-end loader" driven by Siano, an employee of the Illinois Department of Transportation (IDOT). In an effort to avoid colliding with Siano, who was travelling at a speed of 12 to 15 miles per hour, Lorenz turned his vehicle abruptly to the left. During the execution of this evasive maneuver, Lorenz lost control of his vehicle and crossed all three northbound lanes of traffic, hit the center median, flipped over a guard rail and landed in the southbound lanes of traffic. Lorenz's vehicle did not make contact with Siano's or any other vehicle.

The "front-end loader" driven by Siano was an IDOT vehicle, a large tractor-like construction implement with a seven-foot-wide bucket on the front. The vehicle is capable of a maximum speed of 18 miles per hour.

At trial, there was conflicting testimony as to the location of Siano's vehicle on the roadway. Siano testified that he was driving on the shoulder of the road and at no time did any portion of his vehicle enter a traffic lane. Lorenz, on the other hand, testified that Siano was driving in the right traffic lane rather than on the shoulder of the road.

The Lorenzes raise two issues on appeal. First, they maintain that the verdict in favor of Siano was against the manifest weight of the evidence. Second, they contend that the prejudicial behavior of defense counsel had the cumulative effect of depriving them of a fair trial. In addition to these issues, Siano has raised two arguments for review. First, Siano contends that the circuit court of Cook County lacked subject-matter jurisdiction over the Lorenzes' action. Second, he argues that, assuming the circuit court possessed jurisdiction, the judgment in his favor should be affirmed because at the time of the occurrence he was cloaked with public official immunity.

■ As a preliminary matter, we note that Siano has not filed a cross-appeal. However, that circumstance does not preclude our consideration of either of his contentions in this case. An alleged lack of subject-matter jurisdiction may be raised at any time, even on appeal by a party who has failed to include it in a notice of appeal. (*Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, 377 N.E.2d 237.) Additionally, Siano's official immunity argument, having been interposed by Siano as appellee in support of the judgment on appeal, is a proper subject for consideration as long as a factual basis for the point was before the trial court. *Jackson v. Chicago Board of Education* (1989), 192 Ill. App. 3d 1093, 549 N.E.2d 829.

We first address Siano's jurisdictional issue.

■ Section 4 of article XIII of the Illinois Constitution provides that "[e]xcept as the General Assembly may provide by law, sovereign immunity in this State is abolished." (Ill. Const. 1970, art. XIII, §4; see also Ill. Rev. Stat. 1991, ch. 127, par. 801.) Acting under its constitutional grant of authority, the Illinois legislature has enacted the Court of Claims Act, which provides that the Court of Claims has exclusive jurisdiction to hear and determine all claims against the State of Illinois for damages in cases sounding in tort. Ill. Rev. Stat. 1991, ch. 37, par. 439.8.

■ Siano asserts that although only he is named as a defendant, this is in fact a claim against the State. Whether a particular action is in fact one against the State, and hence one that must be brought in the Court of Claims, depends upon the issues involved and the relief sought rather than the formal identification of the parties. (See *Herget National Bank v. Kenney* (1985), 105 Ill. 2d 405, 475 N.E.2d 863.) A plaintiff may not avoid the exclusive jurisdiction of the Court of Claims by suing only an individual defendant. (*Healy v. Vaupel* (1990), 133 Ill. 2d 295, 549 N.E.2d 1240.) The Court of Claims has exclusive jurisdiction over tort claims against State agents for acts committed in the discharge of their normal and official duties; such jurisdiction does not lie, however, where the agent has acted outside the scope of his authority or in violation of law, or where the agent's duty to the plaintiff arose independent of his State employment. *Healy*, 133 Ill. 2d at 308; *Herget National Bank*, 105 Ill. 2d at 411-12.

There is no question that at the time of the occurrence giving rise to this litigation, Siano was operating the "front-end loader" in the course of his normal and official duties for IDOT. Because the vehicle being operated by Siano was an off-road construction vehicle unsuited for normal highway driving, any duty owed by Siano to Lorenz arose directly from Siano's official duties for the State and not independent thereof. The very nature of this vehicle distinguishes this case from those finding that the duty owed by a State employee in the normal operation of an ordinary motor vehicle is a duty arising independent of the agent's State employment. (See *Currie v. Lao* (1992), 148 Ill. 2d 151, 592 N.E.2d 977.) As a consequence, unless Siano acted in violation of statute in the manner in which he performed his State duties, exclusive jurisdiction over this action would lie with the Court of Claims.

■ In their complaint, the Lorenzes have charged that Siano acted in violation of statute in the operation of the "front-end loader"; specifically, they have alleged a number of violations of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 1—100 *et seq.* (Code)). However, section 11—205(f) of the Code exempts vehicle operators such as Siano from compliance with those portions of the Code referenced by plaintiff while they are "actually engaged in work upon a highway." But, no such exemption exists when the operator is "traveling to or from such work." Ill. Rev. Stat. 1983, ch. 95½, par. 11—205(f).

The determinative question becomes whether Siano was actually engaged in work upon a highway at the time of the occurrence. If the answer is in the affirmative, he could not be said to have acted in vio-

lation of statute by virtue of the section 11—205(f) exemption, and exclusive jurisdiction over the Lorenzes' action against him would lie in the Court of Claims. If, on the other hand, he was in the act of traveling to his work site at the time of the occurrence, he was not exempt from compliance with the Code, and, because the Lorenzes have alleged negligence predicated in part upon Siano's violation of Code provisions in the manner in which he operated the "front-end loader," the circuit court had jurisdiction over the action.

The circuit court is a court of general jurisdiction (Ill. Const. 1970, art. VI, §9), and as such, is presumed to have jurisdiction to render any judgment until the contrary is shown. (*Bartunek v. Lastovken* (1932), 350 Ill. 380, 183 N.E. 333.) As the party asserting error in the circuit court's exercise of jurisdiction in this case, it was incumbent upon Siano to furnish this court with a record illustrating the error of which he complains. (*Willard v. Northwest National Bank* (1985), 137 Ill. App. 3d 255, 484 N.E.2d 823.) It was Siano's burden to direct this court to evidence establishing that at the time of the occurrence he was "actually engaged in work upon a highway" and thus exempt from the Code provisions he was alleged to have violated.

Siano's testimony reveals that he picked up the "front-end loader" from the IDOT yard on I-290 and was driving along the shoulder of the road when the events at issue transpired. Siano was never questioned regarding the location of his assigned work site. Three eyewitnesses to the occurrence, Mr. Rawlinson, who was an IDOT employee, Mr. Ball, and Mr. Peace, all testified to the presence of other State highway equipment in both northbound and southbound lanes of Route 53. Although Rawlinson testified that IDOT was scheduled to do work along the shoulder of both the northbound and southbound lanes of Route 53 north and south of Euclid Road, the trial transcript is silent as to the work site to which Siano was assigned. However, the record contains the transcript of Siano's discovery deposition submitted in support of his pretrial motion to dismiss. In that deposition, Siano testified that he was assigned to work on Route 53 at Northwest Highway, a location that was north of Euclid Road.

In *Townsend v. Gaydosh* (1990), 197 Ill. App. 3d 339, 554 N.E.2d 648, this court had occasion to construe section 11—205(f) and held that "[o]nce a [highway] worker arrives at the construction or work site, he is actually engaged in the work." (*Townsend*, 197 Ill. App. 3d at 343.) The record before us indicates that the case at bar is factually distinguishable from *Townsend*. In that case, the defendant had arrived at his work site when the accident occurred. In the case at bar,

Lorenz's accident took place south of Euclid Road, a location which was not an intended work site for Siano. The fact that IDOT may have intended to perform work at or near the site of Lorenz's accident is of no moment. The exemption in section 11–205(f), which applies to "persons, motor vehicles and equipment while actually engaged in work upon a highway," is personal to the driver and the vehicle. Thus, the determination of whether the exemption applies in a given set of circumstances must be made with reference to the work site to which the driver or vehicle is assigned rather than to some greater construction area within which the driver's employer may be engaged.

▪ Because the evidence fails to show that Siano had arrived at his work site at the time of the occurrence, Siano cannot be deemed to have been exempt from the Code while operating the "front-end loader." Accordingly, because the complaint charges Siano with statutory violations, the circuit court properly assumed jurisdiction over this case.

▪ We next address Siano's contention that he was immune from the Lorenzes' action under the common law doctrine of public officials' immunity. In its decision in *Currie v. Lao* (1992), 148 Ill. 2d 151, our supreme court held:

> "The common law doctrine of public officials' immunity dictates that public officials are immune from personal liability for their performance of discretionary duties. (*Mora v. State* (1977), 68 Ill. 2d 223, 234.) The doctrine is premised upon the principle that a public decision maker should not be subject to personal liability where he makes a decision based upon his perception of the public needs. (*Campbell*, 207 Ill. App. 3d at 553.) The immunity attaches only to conduct by a public official that is discretionary, rather than ministerial, in nature. (*Mora*, 68 Ill. 2d at 233.) Further, it is well established that public officials' immunity does not apply to every discretionary act by an official but rather only to those acts which are unique to the particular public office. *Gavery v. County of Lake* (1987), 160 Ill. App. 3d 761, 764." *Currie*, 148 Ill. 2d at 166-67.

▪ On this issue, suffice it to say that the speed at which one operates a "front-end loader," the lookout that must be maintained for other traffic, and the question of whether the vehicle-operator should activate warning lights are hardly discretionary matters unique to the operation of such a vehicle for IDOT. The exercise of judgment necessary to the safe operation of a "front-end loader" being driven on or along the shoulder of a highway is the same for an employee of a pri-

vate contractor as it is for an IDOT employee. The manner in which Siano drove the "front-end loader" at the time of Lorenz's accident did not involve acts unique to his status as an IDOT employee, and it did not give rise to the application of the doctrine of public officials' immunity.

Having disposed of Siano's arguments on review, we turn now to the Lorenzes' contentions. In seeking reversal of the judgment entered against them and a remandment for a new trial, the Lorenzes argue that: (1) the prejudicial conduct of defense counsel deprived them of a fair trial; and (2) the jury's verdict was against the manifest weight of the evidence. In support of their argument of prejudice, the Lorenzes contend, *inter alia*, that defense counsel appealed to the sympathy of the jury by asking Siano questions about his financial means and admonishing the jury, in both opening statement and closing argument, that it was Siano and not the State of Illinois that was the defendant in the case.

No citation of authority is necessary for the proposition that civil jury cases should be decided based upon the evidence and the issues presented by that evidence, by an impartial jury unencumbered by appeals to their passion, prejudice or sympathy. In personal injury actions where the only damages recoverable are compensatory in nature, the financial standing of the parties is irrelevant and prejudicial. *Dipaolo v. Johnson* (1973), 15 Ill. App. 3d 735, 305 N.E.2d 194; *Hedge v. Midwest Contractors Equipment Co.* (1964), 53 Ill. App. 2d 365, 202 N.E.2d 869.

■ Defense counsel's inquiries of Siano as to the ownership of his home and the amount of his annual income were manifestly improper. The only conceivable purpose of such questions was to arouse the sympathy of the jury. The fact that the Lorenzes' objections were sustained and the questions were never answered is of small consolation. The very asking of the questions directed the jury's attention to the nonissue and achieved the intended inflammatory result, especially when, as in this case, the effect was reinforced by counsel's arguably permissible reminders that Siano, rather than the State of Illinois, was the defendant.

It has long been the rule in Illinois that appeals to the passion or sympathy of the jury are improper and are sufficient cause for reversing a judgment unless it can be said that the prejudice suffered was so minimal that it did not impact upon the outcome of trial. (*Appel v. Chicago City Ry. Co.* (1913), 259 Ill. 561, 102 N.E. 1021; *Mykytiuk v. Stamm* (1990), 196 Ill. App. 3d 928, 554 N.E.2d 505.) This case was not one-sided; there was conflicting evidence on the critical question

of the location of the "front-end loader" in Lorenz's lane of traffic. And we are unable to say that defense counsel's appeals to the sympathy of the jury had no affect upon the verdict.

Where, as in this case, the evidence of liability is close enough to sustain a verdict for either party, and it cannot be determined from the record whether an appeal to the sympathy of the jury affected its verdict, the sole remedy is to grant a new trial. *Shehy v. Bober* (1979), 78 Ill. App. 3d 1061, 398 N.E.2d 80.

Having determined that the Lorenzes are entitled to a new trial for the reason already expressed, we need not address their other arguments of error.

Reversed and remanded for a new trial.

Reversed and remanded.

JIGANTI, P.J., and CAHILL, J., concur.