46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lamar CHAPMAN, III, Plaintiff-Appellant,
v.
BURTON BERGER & ASSOCIATES and James Gregory Smith,
Defendants-Appellees.
 No. 93-3525.
 United States Court of Appeals, Seventh Circuit.
 Submitted: Nov. 21, 1994.*
Decided: Jan. 18, 1995.
Rehearing Denied April 6, 1995.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Lamar Chapman III, appearing pro se, appeals the district court's judgment affirming the bankruptcy court's dismissal of his adversary complaint as filed against Burton Berger & Associates (hereinafter "BB&A") and accepting the bankruptcy court's recommendation that the complaint also be dismissed as filed against Judge James Gregory Smith of the Circuit Court of Cook County, Illinois. For the reasons that follow, we affirm the judgment of the district court.
 
 
 2
 Chapman filed a lawsuit in Illinois state court against Currie Motors, Abraham Jaffee, Steven Jankelow, James Hoffman, and "unknown others" for past wages and commissions. Neither the record nor the parties' briefs sets forth the ensuing state court proceedings. However, the record demonstrates that at some point after the lawsuit was initiated, the case was before both Judge Smith and Judge Angelo D. Mistretta in the Circuit Court of Cook County, Illinois. This is evidenced by two separate orders which were both entered on December 13, 1991. In one order, entered by Judge Mistretta, a default judgment was entered against Steven Jankelow and in favor of Chapman. In the other order, entered by Judge Smith, all orders entered in the matter after September 19, 1991 were vacated and Chapman was given leave to file his fourth amended complaint against all defendants, including Jankelow. On February 6, 1992, Judge Smith entered an order voiding Judge Mistretta's December 13, 1991 default judgment. In voiding the judgment, Judge Smith relied upon his December 13, 1991 order, stating that as all orders entered subsequent to September 19, 1991 had been vacated, Judge Mistretta's December 13, 1991 judgment was void. Thereafter, on June 26, 1992, upon motion of BB&A for sanctions and fees, Judge Smith entered judgment in favor of BB&A and against Chapman in the amount of $20,350.
 
 
 3
 Chapman and his wife subsequently filed a petition for relief pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C. Secs. 1301 et seq. BB&A filed a proof of claim in the bankruptcy proceeding to collect on the June 26, 1992 order awarding BB&A sanctions and fees against Chapman. In response to BB&A's proof of claim, Chapman filed the instant adversary complaint against BB&A and Judge Smith in bankruptcy court. In his complaint, Chapman contended that BB&A acted in conjunction with Judge Smith to void Chapman's default judgment and that Judge Smith improperly entered a judgment for sanctions in favor of BB&A and against Chapman in violation of 42 U.S.C. Sec. 1983. Chapman requested that the district court deny enforcement of BB&A's judgment for sanctions and award monetary damages against both BB&A and Judge Smith. BB&A and Judge Smith each filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The United States Bankruptcy Court thereafter dismissed the complaint against BB&A and recommended that the district court dismiss the complaint against Judge Smith. Chapman filed an appeal with the district court. The district court affirmed the bankruptcy court's dismissal of the complaint against BB&A and accepted the bankruptcy court's recommendation that the complaint against Judge Smith also be dismissed. This timely appeal follows.
 
 
 4
 Our review of the grant of a motion to dismiss for failure to state a claim is de novo. Gorski v. Troy, 929 F.2d 1183, 1186 (7th Cir. 1991) (citing Villegas v. Princeton Farms, Inc., 893 F.2d 919, 924 (7th Cir. 1990); Corcoran v. Chicago Park Dist., 875 F.2d 609, 611 (7th Cir. 1989)). Hence, this court must conduct an independent review of the record and determine whether, assuming the truth of all well-pleaded factual allegations and making all reasonable inferences in favor of Chapman, the district court properly dismissed the complaint. Gorski, 929 F.2d at 1186 (citing Janowksy v. United States, 913 F.2d 393, 395 (7th Cir. 1990); Rogers v. United States, 902 F.2d 1268, 1269 (7th Cir. 1990)).
 
 Judge Smith
 
 5
 Chapman first contends that the district court erred in finding that Judge Smith was cloaked with absolute immunity regarding his February 6, 1992 order voiding Chapman's default judgment and his June 26, 1992 order awarding sanctions in favor of BB&A and against Chapman.
 
 
 6
 A judge is entitled to absolute immunity so long as his acts are within his jurisdiction and are performed in his judicial capacity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351-52 (1871)); Walrath v. U.S., 35 F.3d 277, 281 (7th Cir. 1994); John v. Barron, 897 F.2d 1387, 1391 (7th Cir. 1990), cert. denied, 498 U.S. 821 (1990). This doctrine of judicial immunity is equally applicable to suits brought under 42 U.S.C. Sec. 1983. Stump, 435 U.S. at 355 (citing Pierson v. Ray, 386 U.S. 547 (1967)).
 
 
 7
 The Illinois Constitution provides that "circuit courts shall have original jurisdiction of all justiciable matters ...." Ill. Const., Art. 6, Sec. 9 (effective July 1, 1971). See also Lorenz v. Siano, 248 Ill. App. 3d 946, 618 N.E.2d 666 (1993), appeal denied, 153 Ill.2d 560, 624 N.E.2d 808 (1993); Skilling v. Skilling, 104 Ill.App.3d 213, 432 N.E.2d 881 (1982). Hence, as a judge of the circuit court, Judge Smith did not act "in the clear absence of all jurisdiction" in voiding Chapman's default judgment and entering a judgment against Chapman for sanctions. See Stump, 435 U.S. at 356-57 (citing Bradley, 13 Wall. at 351) (A judge "will be subject to liability only when he has acted in the 'clear absence of all jurisdiction."'). Moreover, in entering the orders, Judge Smith was acting within his judicial capacity. In determining whether a judge's act is of a judicial nature, we must consider whether "the act is normally performed by a judge and whether the parties dealt with the judge in his judicial capacity." Barron, 897 at 1391 (citing Stump, 435 U.S. at 362; Dellenbach v. Letsinger, 889 F.2d 755, 760 (7th Cir. 1989); Eades v. Sterlinske, 810 F.2d 723, 725-26 (7th Cir. 1987), cert. denied, 484 U.S. 847 (1987)). There is no question that Judge Smith's acts are ones normally performed by a judge. Although the orders were, allegedly, procedurally flawed, both orders were entered pursuant to judicial proceedings brought before Judge Smith in his capacity as a circuit judge of Cook County. Complaint, Count I, p 25, Count II, paragraphs 17, 18. Since the acts complained of were performed both within Judge Smith's lawful jurisdiction and within his judicial capacity, the district court properly found Judge Smith to be immune from suit.
 
 
 8
 Chapman contends, however, that as the orders were entered without pleadings, petition or process, the parties were never before the court and, therefore, Judge Smith acted in clear absence of all jurisdiction. A judge is absolutely immune from liability "even if his exercise of authority is flawed by the commission of grave procedural errors." Stump, 435 U.S. at 359. Mere informality of proceedings will not prevent an act from being a judicial proceeding. Stump, 435 U.S. at 360-61 (citing In re Summers, 325 U.S. 561 (1945). Chapman's complaint demonstrates that all interested parties were before the court while each order was entered. Complaint, Count I, p 25, Count II, paragraphs 17, 18. The complaint also indicates that the orders were entered in conjunction with ongoing court proceedings. Complaint, Count I, p 25, Count II, paragraphs 17, 18, 19, 25. While Judge Smith's entry of the orders may have been erroneous, we do not agree that these alleged procedural errors amount to a lack of jurisdiction.
 
 
 9
 Finally, Chapman argues that as the default judgment entered by Judge Mistretta constituted a final order of the circuit court, Judge Smith acted without jurisdiction when he entered the February 6, 1992 order voiding the default judgment. The Illinois courts have held that a void judgment ""'may be attacked at any time, in any court, either directly or indirectly.""' R.W. Sawant & Co. v. Allied Programs Corp., 111 Ill.2d 304, 309, 489 N.E.2d 1360, 1363 (1986) (quoting City of Chicago v. Fair Employment Practices Commission, 65 Ill.2d 108, 112, 357 N.E.2d 1154, 1155 (1976) (quoting Barnard v. Michael, 392 Ill. 130, 135, 63 N.E.2d 858, 862 (1945)) (emphasis deleted); see also State Bank of Lake Zurich v. Thill, 113 Ill.2d 294, 309, 497 N.E.2d 1156, 1162 (1986). As Judge Smith's act of voiding a default judgment was clearly within his jurisdiction as a judge of the circuit court, he is entitled to immunity.
 
 BB&A
 
 10
 Chapman next contends that the district court erred in finding that he failed to present a claim for relief under 42 U.S.C. Sec. 1983 against BB&A.[1] In order to establish liability under Sec. 1983, a party must demonstrate that "the conduct complained of (1) 'was committed by a person acting under color of state law' and (2) 'deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."' Yang v. Hardin, No. 93-2934, slip op. at 4 (7th Cir. Sep. 28, 1994) (quoting Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 331-32 (1986)). Chapman concedes that as a private party, BB&A would, generally, not be considered to be acting under the color of state law and, hence, not be subject to Sec. 1983 liability. See Sparkman v. McFarlin, 601 F.2d 261, 265 (7th Cir. 1979). However, he contends that since Judge Smith's orders voiding Chapman's default judgment and awarding sanctions to BB&A were the result of a conspiracy between BB&A and Judge Smith, BB&A was acting under the color of state law and therefore within the purview of Sec. 1983. While this is an accurate statement of the law, Chapman's pleadings do not state a claim for conspiracy.
 
 
 11
 In Dennis v. Sparks, 449 U.S. 24 (1980), the United States Supreme Court held that "[p]rivate parties who corruptly conspire with a judge in connection with [an official act of the judge] are ... acting under color of state law within the meaning of Sec. 1983 ...." Id. at 29. See also Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). In his complaint, Chapman alleges only that BB&A acted "in conjunction with" Judge Smith to void the default judgment and deprive him of his property without due process. Complaint, Count I, p 25, Count II, p 25. As Chapman has failed to plead that there was a corrupt conspiracy between BB&A and Judge Smith, he has failed to demonstrate that BB&A was acting under the color of state law for the purposes of Sec. 1983. Accordingly, the district court properly found that Chapman failed to state a claim for relief under Sec. 1983.
 
 
 12
 Judgment of the district court is AFFIRMED.[2]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Chapman has filed a motion to strike BB&A's brief for failure to comply with various appellate and circuit rules regarding BB&A's statement of facts, statement of issues presented and the appendix to the brief. As the errors pointed to by Chapman in no way effect our disposition of this matter, Chapman's motion to strike is denied
 
 
 [2]
 In his reply brief, Chapman additionally requests that we allow him to amend his complaint. After a careful review of the record, it appears that this is Chapman's first such request. Since there is no indication that Chapman did not have an opportunity to make this request below, as provided for in Fed. R. Civ. P. 15, we will not consider it now