JILL MANNS, Plaintiff-Appellee, v. THEODORE BRIELL, Defendant-Appellant (Rebecca S. Foley, Contemnor-Appellant)

Fourth District No. 4—03—0788

Argued March 9, 2004.—Opinion filed June 9, 2004.

Barbara Snow Mirdo (argued), Rebecca S. Foley, and Brian P. Thielen, all of Thielen Law Offices, and John L. Morel, of John L. Morel, P.C., both of Bloomington, for appellants.

James Wylder (argued) and Andrew J. Kelly, both of Walker & Wylder, Ltd., of Bloomington, for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Plaintiff, Jill Manns, filed a negligence action against defendant, Theodore Briell, alleging personal injuries arising out of an automobile accident. During pretrial discovery, plaintiff sought documents and information pertaining to defendant's personal financial affairs. Defendant refused to answer, contending the documents and information sought were irrelevant and immaterial to any issue in the lawsuit and are not subject to discovery until a judgment is entered against him exceeding the limits of his liability insurance policy. The trial court ordered defendant to produce the documents and information requested and held defendant's attorney in contempt of court for declining to produce the requested discovery materials. Defendant and his attorney appeal from the court's order requiring discovery and from the entry of the contempt citation. We reverse.

## I. BACKGROUND

Plaintiff's complaint in this case consists of one count, seeking damages for personal injuries plaintiff allegedly sustained in an automobile accident involving vehicles driven by plaintiff and defendant on February 15, 2002. The complaint is based on negligence and seeks only compensatory damages. Defendant denied liability.

On October 1, 2002, plaintiff propounded interrogatories and a request to produce documents. The interrogatories contained many of the standard interrogatories approved in Illinois for matrimonial cases and requested detailed information on defendant's sources of income, real estate holdings, business interests, bank accounts, investments, securities, life insurance policies, retirement accounts, debts, and personal property ownership. The request to produce documents sought copies of defendant's federal and state income-tax returns and all documents indicating his income, real property interests, investments, securities, retirement accounts, and personal property interests.

Defendant objected to these discovery requests on the basis the information sought was not relevant or material to any matter at issue in the lawsuit and would not become discoverable unless plaintiff obtained a judgment against him that exceeded the limits of his liability insurance policy. On October 10, 2002, he answered the remaining interrogatories and requests to produce that did not seek personal financial information.

On October 23, 2002, plaintiff filed a motion to compel answers to

the remaining interrogatories and production requests. On December 19, 2002, the trial court granted the motion to compel, finding the information sought in the supreme court-approved matrimonial interrogatories and in plaintiff's request to produce was relevant to the pending personal injury negligence case.

The trial court ordered defendant to respond within 28 days. On January 10, 2003, the trial court entered a case management order that set August 30, 2003, as the date by which all written discovery requests were to be answered.

On May 14, 2003, defendant filed a motion for reconsideration of the trial court's order of December 19, 2002, or, alternatively, for a contempt citation and $1 fine for purposes of facilitating appellate review of the discovery order. On June 5, 2003, the trial court denied defendant's motion to reconsider and took the request for a contempt order and fine under advisement. On August 13, 2003, the trial court granted the request for a contempt order and fine, finding defense counsel in indirect civil contempt and ordering her to pay a $1 fine for purposes of facilitating appellate review of the court's previous discovery order under Supreme Court Rule 304(b)(5) (155 Ill. 2d R. 304(b)(5)) and certified the issue for appellate review. This appeal followed.

## II. ANALYSIS

Defendant contends on appeal he may not be compelled to disclose information on his personal financial affairs prior to a judgment being entered against him in a personal injury case seeking only compensatory damages. He argues his personal finances are not relevant to the subject matter in this case; the legislature has provided means for discovery only after a final judgment is entered against him; and his right to privacy outweighs the present interest plaintiff has in his personal finances.

■ Supreme Court Rule 201 establishes the scope of permissible pretrial discovery and states a party may obtain through discovery:

"[A]ny matter relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking disclosure or of any other party, including the existence, description, nature, custody, condition, and location of any documents or tangible things, and the identity and location of persons having knowledge of relevant facts." 166 Ill. 2d R. 201(b)(1).

The Illinois Supreme Court has interpreted Rule 201(b)(1) to be
"founded on the basic premise that the objective of discovery is the 'expeditious and final determination of controversies in accordance with the substantive rights of the parties.' [*Monier v. Chamberlain*,

35 Ill. 2d 351, 357, 221 N.E.2d 410, 415 (1966)]. Thus, discovery should only be utilized to 'illuminate the actual issues in the case.' [*Sarver v. Barrett Ace Hardware*, 63 Ill. 2d 454, 460, 349 N.E.2d 28, 30 (1976)]." *Owen v. Mann*, 105 Ill. 2d 525, 530, 475 N.E.2d 886, 890 (1985).

A trial court is given great latitude in determining the scope of discovery, and discovery orders will not be disturbed absent an abuse of discretion. *In re Marriage of Daniels*, 240 Ill. App. 3d 314, 324, 607 N.E.2d 1255, 1261 (1992).

■ Rule 201 allows pretrial discovery of two types of information: that which is admissible at trial and that which leads to what is admissible at trial. *Chamberlain*, 35 Ill. 2d at 357, 221 N.E.2d at 415; *City of Bloomington v. Quinn*, 114 Ill. App. 2d 145, 147, 252 N.E.2d 10, 11 (1969).

A trial court does not have discretion to order discovery of information that does not meet the threshold requirement of relevance to matters actually at issue in the case. For purposes of discovery, relevance includes not only that which is admissible at trial, but also that which leads to admissible evidence. *TTX Co. v. Whitley*, 295 Ill. App. 3d 548, 557, 692 N.E.2d 790, 797 (1998). Discovery should be denied where insufficient evidence suggests the requested discovery is relevant. *TTX Co.*, 295 Ill. App. 3d at 557, 692 N.E.2d at 797. The information sought by plaintiff in this case was clearly not admissible at trial as the wealth and financial standing of the parties are irrelevant and prejudicial in personal injury actions, where the only damages recoverable or sought are compensatory in nature. *Lorenz v. Siano*, 248 Ill. App. 3d 946, 953, 618 N.E.2d 666, 671 (1993).

Only two matters are at issue in the pending litigation: liability for the collision and the amount of damages, if any, suffered by plaintiff as a result of defendant's negligence. Defendant's financial information is not relevant to either issue. Plaintiff does not contend the information she seeks is relevant or admissible as to either liability or damages nor does she argue the discovery of such information will lead to other information that is relevant and admissible at trial on those issues. Instead, plaintiff informed the trial court and now reiterates on appeal the information she seeks is to assist her in formulating a settlement demand.

Plaintiff cites to no case that holds "relevance" for purposes of pretrial discovery includes information that might indicate whether a defendant has the financial ability to pay a judgment or settlement. Instead, she argues the purpose of discovery is to enable attorneys to better prepare and evaluate their cases (see *People ex rel. Terry v. Fisher*, 12 Ill. 2d 231, 239-40, 145 N.E.2d 588, 593 (1957); *Biehler v.*

*White Metal Rolling & Stamping Corp.*, 30 Ill. App. 3d 435, 441-42, 333 N.E.2d 716, 721 (1975)) or is intended not only as a mechanism for ascertaining the truth but also for the promotion of either a fair settlement or fair trial. See *Ostendorf v. International Harvester Co.*, 89 Ill. 2d 273, 282, 433 N.E.2d 253, 257 (1982).

Plaintiff argues defendant's financial resources are relevant to how she prepares and evaluates the value of her case, especially for potential settlement. She contends as of May 2003 she had suffered injuries that caused her to incur in excess of $32,801.64 in medical bills and over $20,000 in lost wages. Medical treatment and therapy remain ongoing. Plaintiff argues the value of her claim will probably exceed the $100,000 limits of defendant's liability insurance coverage. She contends whether or not defendant has other sources of income or financial resources available impacts her ability to evaluate her case for settlement. Plaintiff's concern is that she could endure a costly, time-consuming trial to obtain an excess judgment she could not collect. Therefore, she would like to know ahead of time whether it is worth her while to prepare for trial or demand the policy limits and settle for that amount.

While the courts in *Biehler* and *Ostendorf* stated the purpose of discovery is to enable an attorney to better prepare and evaluate his case, they were referring to an attorney's ability to prepare and evaluate the strengths and weaknesses of his case in terms of liability, not to the future collectability of a judgment. In *Biehler*, the defendant failed to comply with discovery orders that prevented the plaintiffs from learning about prior accidents involving stepladders manufactured by the defendant similar to the ladder that caused the plaintiffs' injuries. *Biehler*, 30 Ill. App. 3d at 441, 333 N.E.2d at 721. The court found the defendant's failure to comply with discovery orders prevented the plaintiffs from establishing an element of liability that the defendant knew or should have known of the defective design or manufacture. *Biehler*, 30 Ill. App. 3d at 441, 333 N.E.2d at 721. The disputed discovery had no relation to the defendant's ability to pay a judgment or settlement.

In *Ostendorf*, the issue before the court was the propriety of the trial court's dismissal of a petition to vacate judgment. The petition asserted the respondent fraudulently concealed evidence that would have enabled the petitioner to prove the existence of a design defect and would have prevented entry of judgment for the respondent. *Ostendorf*, 89 Ill. 2d at 278, 433 N.E.2d at 255. The court had no occasion to consider whether a defendant's personal financial information is "relevant" in a personal injury case seeking only compensatory damages.

Finally, plaintiff relies on our supreme court's decision in *Fisher* to bolster her argument. In *Fisher*, the supreme court was asked to determine if the existence and amount of the defendant's liability insurance were discoverable. *Fisher*, 12 Ill. 2d at 231-32, 145 N.E.2d at 589. The court noted limiting discovery to the specific confines of the pleadings would be "divorced from the realities of litigation" and found insurance coverage was "relevant, if not indispensable" to allowing a plaintiff to be fully apprised of his adversary. *Fisher*, 12 Ill. 2d at 236-37, 239, 145 N.E.2d at 592, 593. In reaching its decision, the court noted it was obligated to give the discovery rules an interpretation consistent with their avowed purpose. "They were adopted as procedural tools to effectuate the prompt and just disposition of litigation[ ] by educating the parties in advance of trial as to the real value of their claims and defenses." *Fisher*, 12 Ill. 2d at 236, 145 N.E.2d at 592.

In *Fisher*, the court was presented with the argument that if the disclosure of the existence and amount of liability insurance in discovery were required, a defendant could also be required to disclose his financial resources. But the court disagreed, concluding this argument was answered by Illinois statutory provisions that confer an interest in liability policies on every member of the public negligently injured and by the unique characteristics of such a policy:

"Section 388 of the Insurance Code (Ill. Rev. Stat. 1955, chap. 73, par. 1000 [(now 215 ILCS 5/388 (West 2002))]) requires certain standard provisions to be included in liability policies affording injured persons a right of action against the insurer if execution against the insured is returned unsatisfied; section 58(k) of the Motor Vehicle Act (Ill. Rev. Stat. 1955, chap. 95½, par. 58k,) provides certain minimum liability insurance coverage for motor vehicle's; and section 16 of the Truck Act (Ill. Rev. Stat. 1953, chap. 95½, par. 253,) requires motor carriers to have specified liability insurance policies before permits may be issued. Moreover, we have construed section 388 of the Insurance Code to be declarative of the public policy of this State to protect persons injured by the negligent operation of motor vehicles, and as conferring rights which cannot be defeated after the accident by the concerted action of the insured and the insurer. [Citation.] It is clear that the legislature, by virtue of the foregoing enactment, has placed liability insurance in a category distinct from the insured's other assets so far as persons injured by the negligent operation of his motor vehicle are concerned.

Thus, under our statutes *** liability insurance is not merely a private matter for the sole knowledge of the carrier and the insured, but is also for the benefit of persons injured by the negligent opera-

tion of insured's motor vehicle. *** [S]uch statutory requirements render insurance policies relevant to the litigation against the insured defendant, in that they apprise injured plaintiffs of rights in the matter of litigation of which they might not otherwise avail themselves. ***

Unlike other assets, a liability insurance policy exists for the single purpose of satisfying the liability that it covers. It has no other function and no other value." *Fisher*, 12 Ill. 2d at 237-38, 145 N.E.2d at 592-93.

The court held, on the basis of this analysis, the existence and amount of defendant's insurance are subject to pretrial discovery because they are deemed to be related to the merits of the matters in litigation as they (1) apprise the plaintiff of rights, otherwise unknown, arising from the automobile accident; (2) comport with the public policy of the State of Illinois to protect persons injured by the negligent operation of motor vehicles; and (3) allow for a realistic appraisal of cases and a sounder basis for settlement. *Fisher*, 12 Ill. 2d at 239, 145 N.E.2d at 593.

Plaintiff contends the same reasoning employed in *Fisher* on pretrial discovery of a defendant's liability insurance coverage should be employed in this case on the defendant's financial status. She argues limiting discovery to the specific confines of the pleadings would be divorcing it from the realities of litigation as the *Fisher* court noted, finding insurance coverage was "relevant, if not indispensable" to allowing a plaintiff to be fully apprised of his adversary. *Fisher*, 12 Ill. 2d at 236-37, 239, 145 N.E.2d at 592, 593. Plaintiff argues, likewise, defendant's financial resources are relevant to how she prepares and evaluates the value of her case, especially for potential settlement. As the court in *Fisher* recognized with regard to the existence and extent of insurance coverage, knowledge of a defendant's financial assets is important to a party to determine whether a judgment will be worthless if it exceeds insurance policy limits. Such knowledge would be indispensable in realistically appraising a case for either trial or settlement.

While we agree such knowledge would be very helpful to a plaintiff, we do not agree she has a right to discover it prior to trial. There are important differences between a liability insurance policy and a defendant's personal financial assets that do not justify extending the holding in *Fisher* to pretrial discovery of a defendant's financial affairs. The difference between a defendant's financial assets and a liability insurance policy was explained in *Fisher*, where the court noted that liability insurance exists solely for the purpose of protecting a party injured by the negligence of the policyholder. *Fisher*, 12 Ill. 2d at

238, 145 N.E.2d at 593. Certain rights are created by liability insurance policies, bolstered by the laws of this state requiring drivers to have such policies, which inure to the benefit of injured parties. That is the reason those policies are relevant to litigation involving the negligent operation of motor vehicles. As for a defendant's financial assets, a plaintiff only has rights in those after a judgment is entered. Then a plaintiff, because she is a judgment creditor, clearly has an enforceable right in a defendant's assets and may proceed in supplementary proceedings to discover that defendant judgment debtor's assets. See 735 ILCS 5/2—1402 (West 2002); 134 Ill. 2d R. 277(d).

■ As we have seen, the relevancy requirements of Rule 201 are that information that may be discovered prior to trial be admissible in evidence or lead to admissible evidence. The court in *Fisher* recognized an exception to that requirement that does not apply here. It is the established public policy in this state to permit pretrial discovery on a defendant's liability insurance policy, but no comparable public policy favors discovery of a defendant's financial assets before a judgment has been entered against him where only compensatory damages are sought. (As defendant concedes, when punitive damage claims are properly in issue, evidence of a defendant's net worth becomes relevant and admissible. *Fopay v. Noveroske*, 31 Ill. App. 3d 182, 200, 334 N.E.2d 79, 93 (1975).) It is a normal hazard of all tort litigation that a defendant may not own any assets when he becomes a judgment debtor. To require the pretrial disclosure of a defendant's assets, even as an aid to settlement, would be a serious invasion of privacy. Because no public policy requires disclosure of those assets, a defendant's right to privacy in his financial affairs is paramount.

We find the trial court's order requiring defendant to comply with plaintiff's interrogatories and request to produce so far as they relate to his financial affairs was an abuse of discretion. We are mindful of the utility pretrial disclosure of a defendant's financial assets would have in settlement negotiations with the resulting effect of freeing up court time and space, but the proper forum for addressing this issue would be in the supreme court rules.

### III. CONCLUSION

As we are reversing the trial court's discovery order in this case, we also reverse the contempt citation and fine assessed against defendant's trial counsel. See *In re Marriage of Bonneau*, 294 Ill. App. 3d 720, 723, 691 N.E.2d 123, 127 (1998).

For the foregoing reasons, we reverse the trial court's judgment.

Reversed.

STEIGMANN, J., concurs.

JUSTICE MYERSCOUGH, dissenting:

I respectfully dissent. Supreme Court Rule 201 permits broad discovery of "any matter relevant to the subject matter *** whether it relates to the claim or defense of *** any *** party, including the existence *** of any *** things." 166 Ill. 2d R. 201(b)(1). Certainly the ability to pay damages is relevant to liability, whether in the form of insurance or assets. The supreme court has interpreted the rule's purpose as " 'expeditious and final determination of controversies' " (*Owen*, 105 Ill. 2d at 530, 475 N.E.2d at 890, quoting *Chamberlain*, 35 Ill. 2d at 357, 221 N.E.2d at 415) and has given the trial court great latitude in determining the scope of discovery (*Daniels*, 240 Ill. App. 3d at 324, 607 N.E.2d at 1261). Moreover, the supreme court has rejected as authority those cases limiting pretrial discovery to matters admissible in evidence.

> "In light of this approach, we must reject at once as authority those cases limiting pretrial discovery to matters admissible in evidence [citation] as being contrary to both the terms and intent of the [r]ule. We do not imply that answers to interrogatories can be brought to the attention of the jury." *Fisher*, 12 Ill. 2d at 237, 145 N.E.2d at 592.

Based upon the facts of this case, the trial court did not abuse its discretion by requiring defendant to disclose his financial information. The trial court should nonetheless either issue a protective-conduct order limiting dissemination of the financial information or conduct an *in camera* inspection and permit only limited disclosure of the information to plaintiff. The parties concede plaintiff suffered actual damages of at least $50,000 and defendant has policy limits of $100,000. Given these facts, disclosure of defendant's financial condition may expedite settlement as well as prevent plaintiff's attorney from committing malpractice and the insurance company from incurring a bad-faith refusal to settle in the event of an excess verdict claim.

> "Such knowledge, furthermore, would also lead to more purposeful discussions of settlement, and thereby effectuate the dispatch of court business. This aspect is most significant in terms of effective judicial administration in coping with today's congested dockets which are largely attributable to the increasing volume of personal[-] injury litigation." *Fisher*, 12 Ill. 2d at 239, 145 N.E.2d at 593.

Moreover, the majority concedes the value of discovering a defendant's financial condition. The majority, however, distinguishes financial information from insurance limits on the ground that insurance exists solely to protect a defendant from liability to injured parties by statute. This is a distinction without merit. The majority ignores the public policy set forth in the Illinois Safety and Family Financial Responsibility Law (625 ILCS 5/7—101 through 7—708 (West 2002)), which requires drivers to possess insurance *or* financial assets sufficient to cover damages in case of an accident on our roads. Clearly, sufficient financial assets to pay for damages to injured parties are required in Illinois absent insurance.

"The Administrator as soon as practicable after the receipt of the report, required to be filed under [s]ections 11—406 and 11—410, of a motor vehicle accident occurring within this [s]tate and that has resulted in bodily injury or death of any person or that damage to the property of any one person in excess of $500 was sustained, shall determine:

1. Whether [s]ection 7—202 of this Code requires the deposit of security by or on behalf of any person who was the operator or owner of any motor vehicle in any manner involved in the accident and;

2. What amount of security shall be sufficient to satisfy any potential judgment or judgments for money damages resulting from the accident as may be recovered against the operator or owner, which amount shall in no event be less than $500." 625 ILCS 5/7—201 (West 2002).

However, in *Fisher*, the supreme court makes a curious distinction between the discoverability of assets and an insurance policy, commenting that there are roads of discovery of a defendant's assets but not the existence of an insurance policy.

"Ordinarily a plaintiff has many sources of inquiry by means of which he can appraise the likelihood that the judgment he seeks will be enforceable. In the case of an insurance policy, however, all the customary channels are cut off." *Fisher*, 12 Ill. 2d at 238-39, 145 N.E.2d at 593.

I see no distinction between the discoverability of an insurance policy and a bank account, retirement account, or investments in stocks and bonds. Insurance companies, banks, and investment companies are all bound by privacy laws from disclosing a party's assets without a release. Under the facts of this case, plaintiffs are entitled to discovery of the defendant's financial condition, and the trial court did not abuse its discretion in so ordering discovery. For these reasons, I would affirm the trial court.